JOHN W. LAWSON v. JAMES ROBINSON *et al.*

No. 13,545. (75 Pac. 1012.)

SYLLABUS BY THE COURT.

1. REPLEVIN — *General Verdict Sufficient.* In an action of replevin against two defendants, the issues as to both were submitted to a jury. A general verdict was found in favor of the plaintiff against one of the defendants, without mentioning the other. *Held,* that this was a general verdict in favor of the defendant not mentioned, sufficiently definite, in the absence of any objection thereto on the part of the plaintiff, to satisfy the statute requiring the rendition of a general verdict in all cases.

2. ———— *Special Finding in Favor of One Defendant.* Es-

47—68 KAN.

pecially is this so where, by a special finding, facts were found acquitting the defendant not named of liability.

3. PRACTICE, SUPREME COURT—*Technical Error Insufficient to Reverse Case.* A technical error will not avail to reverse a case where substantial rights are not affected.

Error from Douglas district court; C. A. SMART, judge. Opinion filed March 12, 1904. Affirmed.

*Bishop & Mitchell,* for plaintiff in error.

*George J. Barker, R. E. Melvin,* and *Thomas Harley,* for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : This was an action of replevin, in which the plaintiff in error, as plaintiff below, sought to recover of both the defendants in error certain articles of personal property on which he claimed to have a mortgage. The general verdict, which, in its entitling, named both defendants, was in the following language :

"We, the jury in this case, find for the plaintiff against the defendant James Robinson, that at the commencement of this action the plaintiff was entitled to the immediate possession of the property taken in this case, and that said defendant wrongfully detained the same, and we find the value of the property is $1100."

The defense made by Elizabeth Robinson was that the mortgage was invalid as to her because, subsequent to her signing it, and without her knowledge or consent, other property had been inserted therein. Responding to this issue, the jury made a special finding as follows :

"Ques. Did the defendant Elizabeth Robinson ever authorize the plaintiff to insert said property in said

chattel mortgage? If so, when and where? Ans.
No.''

Upon this general verdict and special finding, and
over the objection of the plaintiff, the court rendered
judgment in favor of Elizabeth Robinson for her
costs, and directed the cancelation of the mortgage as
to her.   Of this action complaint is now made for
two reasons :  (1) That under section 286 of the civil
code, a general verdict is required to be rendered in
all cases, and that, as to Mrs. Robinson, the verdict
which was returned did not amount to this, and, hence,
that she was not entitled to have judgment rendered
in her favor ;  (2) that in any event she was not en-
titled to have the mortgage canceled, that relief being
equitable in its nature, and could not be afforded in
this kind of an action.

Concerning the first objection, we are of the opinion
that the statute requires a general verdict to be ren-
dered in all cases.   We are further of the opinion that
the verdict which was rendered in this case is suffi-
cient as to Mrs. Robinson to satisfy the requirements
of the statute, especially so when it was not objected
to because of informality or want of definiteness at
the time it was rendered.   The issues involved were
duly submitted to the jury as to both of the defend-
ants upon evidence *pro* and *con*, and they were re-
quired to determine upon this evidence whether Mr.
or Mrs. Robinson, either or both, unlawfully detained
the replevied property.   By the verdict, the jury de-
clared that Mr. Robinson so detained it ;  being silent
as to Mrs. Robinson, in view of the issue submitted
to it, this verdict was, by a fair and ordinary infer-
ence, a declaration that Mrs. Robinson did not detain
the property ; at least, if there was any uncertainty
upon this point, the court might well look to the

special findings for its interpretation, and thus looking, there could be no longer any doubt as to the meaning of the general verdict. The Encyclopedia of Pleading and Practice, volume 22, page 905, announces the doctrine as follows:

"It is not necessary, as a rule, for a verdict in a civil case to name the party in whose favor or against whom it is found, as a verdict in favor of or against one party is construed to be a verdict against or in favor of the other."

In *C. C. C. & St. L. Ry. Co. v. Eggmann*, 71 Ill. App. 42, where the concurrent negligence of two defendants was counted upon as a ground for plaintiff's recovery, the jury returned its general verdict against one defendant only, and in its special findings found for the other defendant. The court said:

"That while the verdict should have included both defendants, yet the omission was technical and not material, as the special findings were conclusive, and the judgment was the only one that could have been rendered even had there been a general verdict of guilty."

In *G. C. & S. F. Ry. Co. v. James*, 73 Tex. 12, 18, 10 S. W. 744, 15 Am. St. Rep. 743, the action was one for damages against three defendants, arising out of a malicious prosecution. The verdict was in favor of the plaintiff against one of the defendants, without mentioning the others. The court said:

"The verdict by necessary implication found in favor of the defendants Snyder and Spillane (the defendants not named in the verdict). If they entertained any doubt as to that it could have been corrected at the time. . . . In cases where the verdict was not altogether certain, it has been uniformly held in this state that it should be upheld when its meaning can be made manifest beyond doubt by reference to the entire record."

In *Doremus v. Root*, 23 Wash. 710, 714, 63 Pac. 572, 54 L. R. A. 649, the court said :

"It seems to be equally well settled, also, that silence of the verdict as to one of the defendants will not vitiate it as against the others. Such a verdict is treated as a finding in favor of the defendant not named on all of the issues, on which he is entitled to a judgment that plaintiff take nothing by his action."

See, also, *Ryors v. Prior*, 31 Mo. App. 555; *N. Y. T. & M. Ry. Co. v. Gallaher*, 79 Tex. 685; *Blue v. Mc-Cabe*, 5 Wash. 125, 31 Pac. 431; *Alexander Mining and Exploring Company v. Painter et al.*, 1 Ind. App. 587, 28 N. E. 113.

As to the plaintiff's second contention, he may, technically, be correct. This was not an action equitable in its nature ; but how was he injured by the entry of the formal order for the cancelation of the mortgage as to Mrs. Robinson? The jury having found in her favor, both in the general verdict and by the special finding, there is nothing left for the plaintiff as against her, and what might become of the mortgage so far as Mrs. Robinson was concerned was of slight moment or concern to the plaintiff.

We find no material error, and hence affirm the judgment.

All the Justices concurring.