Syllabus.

## Richmond.

IVANHOE FURNACE CORPORATION v. CROWDER'S ADMINISTRA-
TOR.

November 18, 1909.

Absent, Buchanan, J.

1. PLEADING—*Joint Action of Tort—Verdict Against One Defendant—
Silence as to Another.*—In a joint action of *tort* against master
and servant, a verdict against the master, making no mention
of the servant, is equivalent to a verdict in favor of the servant.

2. VERDICTS—*Set Aside by Court of its Own Motion.*—It is entirely
competent for the court, of its own motion, in a proper case, to
set aside the verdict of a jury.

3. JOINT ACTION OF TORT—*Dismissal as to One Defendant—Master and
Servant—Case at Bar.*—In a joint action of tort against master
and servant, after a verdict against the master and in favor of
the servant has been set aside, although the evidence disclosed no
negligence on the part of the master except that imputed on
account of the negligence of the servant, it is entirely compe-
tent for the plaintiff to dismiss the action as to the servant, as
he might in the first instance have sued either or both of them.

4. PLEADING—*Arrest of Judgment—When it Lies—Case at Bar—Master
and Servant.*—A motion in arrest of judgment lies only for
error apparent on the face of the record. If a declaration
against master and servant for the negligent killing of plain-
tiff's intestate charges negligence on the part of both defendants,
and there is a verdict against the master only, and it appears
solely from the evidence certified that the servant alone was neg-
ligent, this is not error apparent on the face of record, and
hence a motion in arrest of judgment on this ground should be
overruled.

5. PLEADING—*Judgment Non Obstante—When Given—Case at Bar—
Master and Servant.*—A motion for a judgment *non obstante* is
made in cases where, after a pleading by the adversary in con-
fession and avoidance, and issue joined thereon and verdict
for the adversary, the unsuccessful party, on retrospective ex-
amination of the record, conceives that such pleading was bad

in substance and might have been the subject of demurrer on that ground. It will not be granted on the motion of the master in an action of case against master and servant where the trial is had on the general issue of not guilty, although the verdict is against the master alone, and the evidence shows that the servant only was guilty.

6. PLEADING—*Joint Tort—Dismissal as to One Defendant—Effect.*—If, in an action of tort against two defendants, a verdict in favor of one and against the other be set aside, and subsequently the action be dismissed as to one of the defendants, the case against the other defendant stands upon the record as though he alone had been sued.

Error to a judgment of the Circuit Court of Wythe county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*W. S. Poage* and *W. B. Kegley,* for the plaintiff in error.

*A. A. Phlegar* and *Oglesby & Harris,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

Crowder's administrator sued the Ivanhoe Furnace Corporation and John Hocking in an action of trespass on the case, to recover damages for the death of his intestate by reason of the negligence of the defendants.

The Ivanhoe Furnace Corporation was engaged in mining and blasting rock; Hocking was one of its employees in charge of a number of laborers, whose duty it was to drill holes in the rock, load them with explosives, and cause them to be fired, for the purpose of blasting and removing the rock.

The declaration charges that on the 10th of September, 1907, a hole twelve feet deep had been drilled and loaded with dynamite, upon the top of which earth and gravel had been placed and tamped, and an unsuccessful effort had been made to fire

and explode this charge. Thereupon John Hocking, as foreman, directed plaintiff's intestate and another laborer to remove the earth and gravel from the hole and furnished them with a drill with which to do the work, and while engaged in the performance of the work as directed the dynamite exploded with great force, and as a result plaintiff's intestate was killed.

We shall assume in the discussion of the question presented for our decision that Hocking, the employee of the Ivanhoe Furnace Corporation, was negligent; that his negligence caused the death of the plaintiff's intestate, and that the Ivanhoe Furnace Corporation was guilty of no other default or negligence save that which is imputed to it on account of the negligent act of its employee, Hocking.

When the case came on to be heard the jury returned a verdict as follows: "We, the jury, find for the plaintiff, and assess damages at $3,500.00 against the Ivanhoe Furnace Corporation"; and thereupon the company moved the court in arrest of judgment and to enter judgment for the defendant, notwithstanding the verdict, and also moved the court to set aside the same because it was contrary to the law and evidence, and for misdirection of the court; which motions the court took time to consider.

The court overruled all of these motions, and entered judgment upon the verdict, to which the Ivanhoe Furnace Corporation duly excepted. This judgment was entered on the 29th of April, 1908, and on the following day, the court having further considered the matter, set aside the judgment against the Ivanhoe Furnace Corporation and that in favor of John Hocking. And thereupon the Ivanhoe Furnace Corporation renewed its several motions theretofore made, in arrest of judgment, and to enter judgment in its favor notwithstanding the verdict; but the court overruled these motions, and the defendant company again excepted; and thereupon, on the court's own motion, the verdict of the jury theretofore rendered was set aside, and a new trial awarded. To the action of the court in overruling its motion

in arrest of judgment, and its motion to enter judgment in its favor notwithstanding the verdict, and in setting aside the verdict of the jury and awarding a new trial to John Hocking, the Ivanhoe Furnace Corporation again excepted.

At a subsequent term the plaintiff asked leave to dismiss its suit as to the defendant, John Hocking, which motion the Ivanhoe Furnace Corporation resisted; but the court overruled its contention and dismissed the suit as to John Hocking, and thereupon the defendant company moved that the suit be dismissed as to it, because it had been dismissed as to its codefendant. This motion was overruled; and thereupon came the jury, which rendered a verdict in favor of the plaintiff against the Ivanhoe Furnace Corporation for $1,600, upon which judgment was entered, and the Ivanhoe Furnace Corporation again excepted; and the case is before us for review upon a writ of error.

We are of opinion (1) that the suit being against the Ivanhoe Furnace Corporation and John Hocking, and a verdict having been rendered against the Ivanhoe Furnace Corporation, which was silent as to John Hocking, was equivalent to a verdict in his favor; (2) that it was entirely competent for the court, of its own motion, in a proper case, to set aside a verdict; and (3) that inasmuch as it was optional with the plaintiff, upon the institution of this suit, to sue the Ivanhoe Furnace Corporation alone, or John Hocking alone, or to unite them as codefendants, the plaintiff was entirely within his rights, and the court committed no error in permitting the defendant in error to dismiss his suit as to John Hocking.

We are further of opinion that the court was guilty of no error in overruling the Ivanhoe Furnace Company's motion in arrest of judgment, which can only be resorted to in order to correct errors on the face of the record. *Gray* v. *Com'th,* 92 Va. 772, 22 S. E. 858, and cases there cited; 4 Min. Inst. (3d ed.), Pt. 1, 848.

The objection urged by plaintiff in error is that the verdict

was in favor of Hocking and against the Ivanhoe Furnace Corporation; that the negligence which resulted in the accident was wholly that of Hocking; and that the defendant company was guilty of no negligence whatever other than that imputed to it on the principle of *respondeat superior;* and that it was a great hardship and injustice to hold the defendant company liable under such circumstances and to acquit its codefendant, who actually committed the wrongful act.

The declaration charges that it was the duty of the defendants and each of them to use reasonable care to provide a reasonably safe place and appliances for its employees, and that each of them wholly disregarded that duty, and negligently placed plaintiff's intestate to work in an unsafe place, "and negligently directed and required him to drill out and remove the tamping of earth and stone from a hole which was loaded with dynamite and powder, and thereby negligently exposed him to unnecessary and unusual danger, and negligently failed to warn and advise him of the danger and risk of the work to which they assigned him, of which danger they knew, or by the exercise of reasonable care would have known, and of which he was ignorant, and which he did in reliance upon the superior knowledge and experience of the defendants, and in obedience to their orders."

The declaration charges negligence upon the part of both of the defendants, and it appears from the evidence adduced before the jury and not from an inspection of the record that Hocking alone was guilty. The motion in arrest of judgment was, therefore, properly overruled. *Com'th* v. *Gray, supra.*

The motion for a judgment notwithstanding the verdict was properly overruled.

"A motion for judgment *non obstante* is made in cases where after a pleading by the adversary in confession and avoidance and issue joined thereon and verdict for the adversary, the unsuccessful party, on retrospective examination of the record, conceives that such pleading was bad in substance and might

have been the subject of demurrer on that ground." 4 Min. Inst. (2d ed.), 771.

If the court had adhered to its original position and entered judgment upon the verdict for $3,500, which was first rendered by the jury, and the case in that situation had been brought before us upon the petition of the Ivanhoe Furnace Corporation, *McGinniss* v. *Chicago & Rock Island Ry. Co.,* 200 Mo. 347, 98 S. W. 590, 9 L. R. A. (N. S.) 880, 118 Am. St. Rep. 667, and *Doremus* v. *Root,* 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649, relied upon by plaintiff in error, would have been pertinent and entitled to very grave consideration; but the case before us differs materially from the cases cited. The entire verdict first rendered by the jury in favor of Hocking and against the Ivanhoe Furnace Corporation was set aside, and became as though it had never existed. Then, upon motion of the plaintiff, the suit against Hocking was dismissed, and the case against the Ivanhoe Furnace Corporation stood upon the record as though it alone had been sued.

What we have said presents our views upon all of the questions involved in the first trial, with respect to which we are of opinion that the court committed no error.

As to the second trial, no error is assigned, and the judgment of the circuit court is, therefore, affirmed.

*Affirmed.*