SAN ANTONIO & A. P. RY. CO. et al. v. McCAMMON. (No. 5566.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 22, 1915. Rehearing Denied Jan. 10, 1916.)

1. JUDGMENT ⬤⇒256—SUPPORT BY VERDICT.

In a suit against railroads and the receiver of one of them for damages to plaintiff's lands from defendants' failure to provide proper and necessary sluices and culverts in their roadbeds for the drainage of surface water between them, where the jury found against each of the railroads in the sum of $546, no mention being made of the receiver, judgment against the receiver was improper; the verdict being in his favor by reasonable implication.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. ⬤⇒256.]

2. TRIAL ⬤⇒333 — VERDICT PARTLY AGAINST WRONG PARTY.

In an action against railroads and the receiver of one of them, where damages properly assessable against the receiver as having accrued to plaintiff for the wrongful acts of a road since the receivership were included in the verdict against the road, there was error in the verdict in the amount of damages that should have been rendered against the receiver.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 784, 786; Dec. Dig. ⬤⇒333.]

3. APPEAL AND ERROR ⬤⇒1151—DETERMINATION OF CAUSE—CORRECTION OF VERDICT.

Where separable damages were assessable against codefendants, but the verdict assessed the whole award against one, the appellate court cannot correct the error by calculating what the jury should have awarded against the defendant not mentioned in the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4498–4506; Dec. Dig. ⬤⇒ 1151.]

4. WATERS AND WATER COURSES ⬤⇒126—INJURY TO ADJOINING PROPERTY—DRAINAGE—STATUTORY REQUIREMENTS—INSTRUCTION.

In an action against railroads and the receiver of one of them for damages to plaintiff's lands by defendants' failure to provide necessary culverts for the drainage of surface water between their roadbeds, the only questions were whether defendants had failed to comply with their statutory duty as to the construction and maintenance of necessary culverts, and whether damages had resulted to plaintiff as the natural consequence of such failure, and such issues should have been submitted to the jury without any reference to the exercise of ordinary care by defendants, which was not in the case.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. §§ 139, 141, 142; Dec. Dig. ⬤⇒126.]

Appeal from District Court, San Patricio County; F. G. Chambliss, Judge.

Action by M. H. McCammon against the San Antonio & Aransas Pass Railway Company and others. Judgment for plaintiff, and defendants appeal. Reversed, and cause remanded.

Claude Pollard, of Kingsville, and Kleberg & Stayton and David M. Picton, Jr., all of Corpus Christi, for appellants. J. C. Houts, of Sinton, and C. A. Davies, of San Antonio, for appellee.

FLY, C. J. Appellee sued the San Antonio & Aransas Pass Railway Company, the St.

Louis, Brownsville & Mexico Railway Company, and Frank Andrews, receiver for the railroad company last named, for damages in the sum of $3,453 alleged to have been inflicted upon him by a failure on the part of appellants to provide proper and necessary sluices and culverts in their roadbeds for the drainage of surface water that accumulated between the two roadbeds where they cross each other near Sinton, Tex. A writ of mandatory injunction was also sought to require the construction of necessary sluices and culverts. The damage alleged was to the crops of appellee in the years 1913 and 1914. The cause was submitted to the jury on special issues, and upon the answers of the jury a judgment was rendered against the first-named railway company for $546.30, and against the other railway company and the receiver for the same sum. The mandatory injunction was refused.

[1] In the last question submitted to the jury they were required to state the amount found against each of the defendants, and the answer was a finding against each of the railway companies for the sum of $546; no mention being made of the receiver. The verdict was by reasonable implication in favor of the receiver, and judgment should not have been rendered against him. The verdict was plain, and capable of but one construction, and that was that the jury did not believe the receiver was liable for the damages. Railway v. James, 73 Tex. 12, 10 S. W. 744, 15 Am. St. Rep. 743; Kinkler v. Junica, 84 Tex. 116, 19 S. W. 359. The first assignment of error must be maintained.

[2, 3] If damages properly assessable against the receiver were included in the verdict against the railway company, whose estate he is administering, which is necessarily the case, then there was error in the verdict in the full sum of the amount of damages that should have been rendered against the receiver, if against any one. This error might be corrected by subtracting that amount from the $546.30 found against the railway company, if that sum were definitely known. We do not think the record discloses a sufficient basis for such adjustment. We cannot by the calculating as suggested arrive at what the jury should have rendered against the receiver. They evidently labored under the belief that the receiver should pay nothing, and we cannot create a new verdict for them. The receiver was appointed in September, 1913, and this court is unable to separate the amount of damages for March, 1913, from those occurring after the receiver was appointed. The second, third, and fourth assignments of error are sustained.

[4] The fifth assignment of error is overruled. The effect of the charge of the court preceding the submission of special issues as to the failure of appellants to erect and maintain proper sluices or culverts amounted to a charge that the obligation to provide the necessary culverts or sluices was absolute, without reference to the exercise of ordinary care. The charge would, however, have been plainer and more directly to the point if the question of negligence had been pretermitted altogether and the issue had been clearly presented as to whether or not appellants had constructed the necessary culverts or sluices, as the natural lay of the land required, for the necessary drainage thereof. That issue with one as to whether appellee had been injured by such failure and another as to the damages sustained by appellee and their allotment among the defendants were all the issues arising in the case. All that was said about negligence did not enlighten the jury; for every unnecessary matter dragged into a case has a tendency to hinder and retard a jury, rather than assist them in arriving at a proper verdict.

As to whether appellants had or had not constructed the necessary culverts or sluices was purely a question of fact to be determined by the jury, and that question, independent of any finding as to negligence, should have been submitted to the jury. This was not done, but, on the other hand, the court submitted the question of negligence to the jury, and in that submission intimated to the jury that appellants had not provided the necessary culverts or sluices, and that the jury were to determine whether the failure to construct such culverts or sluices was negligence on the part of appellants. The only question was had appellants failed to comply with the provisions of article 6495 as to the construction and maintenance of necessary culverts or sluices in their roadbeds. The issue was submitted as follows:

"Were the defendants negligent in the construction of their roadbeds in not providing all necessary culverts or sluices as the natural lay of the land required to carry off the surface water as charged in plaintiff's petition?"

The only question that should have been answered by the jury was assumed to exist by the trial court. It may be possible that the court did not intend to assume that the necessary construction had not been made, but that is the plain import of the language, and in no question is the issue as to necessary construction submitted. In cases submitted on general charges, this court, as well as the Supreme Court, has held that similar charges were not sufficient to require a reversal, but in all such instances the issues involved had been submitted for determination by the jury in other portions of the charge and on this ground the charges were sustained. Railway v. Lehmberg, 75 Tex. 61, 12 S. W. 838; Railway v. Waldo, 32 S. W. 783; Railway v. Stewart, 146 S. W. 598.

The seventh assignment of error is overruled, and the eighth has been disposed of by the disposition made of other assignments.

As hereinbefore stated, it was an issue, if the jury found that necessary culverts or sluices had not been constructed and maintained, as to whether appellee's damages, if

he sustained any, were the proximate result of that failure to construct and maintain such culverts or sluices, and it was proper to submit that issue, not as arising from any negligence found by the jury, but their finding that the law had been disregarded by appellants, and from which negligence arose as a matter of law. The matters as to the proper construction and maintenance of the culverts or sluices, and as to whether a failure to so construct and maintain the culverts or sluices was the cause of any damage that appellees may have shown they suffered, should be submitted as clear-cut issues to the jury, independent of any issue as to negligence. Railway v. Gurley, 37 Tex. Civ. App. 283, 83 S. W. 843; Railway v. Suter, 118 S. W. 216. The jury were not to find negligence, but the facts upon which the law predicates negligence.

Every material point raised by the record and briefs has been considered and disposition thereof made, and it becomes unnecessary to consider the remaining assignments of error, which are mere reiterations of those herein considered.

The judgment is reversed, and the cause remanded.