# NELLIE BEGIN AND ANOTHER v. LIEDERBACH BUS COMPANY, INC. AND OTHERS.[1]

April 16, 1926.

Nos. 25,043, 25,044.

**Motion to dismiss appeal because of failure to print "case" denied.**

1. Motion to dismiss appeal for failure to print the settled case denied where the printed record reflects enough of the proceedings below to enable us to pass upon all of the questions raised by appellant.

**Construction of verdict apportioning damages between two of the three defendants.**

2. A verdict for plaintiff assessing her damages and attempting to apportion them between two of the three defendants, the third not being mentioned, *held* to be a verdict in favor of that defendant and against the plaintiff. The attempt to apportion the damages was beyond the power of the jury and so surplusage, but it must be given effect to the extent that it names the two defendants upon whom exclusively the jury placed the entire liability.

**When employer is exonerated from charge of negligence by verdict exonerating his employe.**

3. In a personal injury case against an employer and his employe, where the only negligence attempted to be proved is that of the latter, a verdict for the employe concludes the entire issue and necessarily exonerates the employer from the charge of negligence.

**Verdict in this case perverse.**

4. In this case the verdict for the employe and against the employer is so perverse as to require a new trial.

Appeal and Error, 4 C. J. p. 378 n. 8.

Judgments, 34 C. J. p. 976 n. 55.

Master and Servant, 39 C. J. p. 1268 n. 43; p. 1282 n. 64; p. 1367 n. 75; p. 1368 n. 83.

New Trial, 29 Cyc. p. 818 n. 26.

Trial, 38 Cyc. p. 1882 n. 56; p. 1884 n. 85; p. 1891 n. 61.

[1]Reported in 208 N. W. 546.

See 27 R. C. L. p. 893; 5 R. C. L. Supp. p. 1485.
See notes in 54 L. R. A. 649; 9 L. R. A. (N. S.) 880; 30 L. R. A. (N. S.) 404; L. R. A. 1917E, 1029.

Action in the district court for Wright county to recover for personal injuries. There was a verdict for the plaintiff, which is set forth in the opinion, against the defendants bus company and street railway company, and in favor of the defendant Bergeron. The motions of the defendants bus company and street railway company for new trials were granted. Judgment was entered for the defendant Bergeron. The plaintiff moved to vacate this judgment. The motion was heard by Giddings, J., who tried the case, and it was denied. Afterwards the bus company, the employer of Bergeron, filed a supplemental answer setting forth the judgment in favor of Bergeron as a bar. It then moved for judgment on the pleadings. The motion was heard before Olsen, J., who granted it, and judgment was entered. The plaintiff appeals from the judgment in favor of Bergeron and from the order denying the motion to set it aside, and from the judgment in favor of the bus company entered on its motion for judgment on the pleadings.

Judgments reversed and new trial ordered as to the defendants bus company and Bergeron.

*Mead & Bryngelson* and *Beth Bryngelson,* for appellant.

*Cobb, Wheelwright, Hoke & Benson, W. O. Rogers,* and *S. A. Johnson* for respondents Liederbach Bus Company and E. J. Bergeron.

Stone, J.

Action for personal injuries arising out of a collision between a motor bus and a street-car. Plaintiff sustained her injuries while a passenger on the former. The bus was owned and operated by defendant Liederbach Bus Company and the street-car by Minneapolis Street Railway Company. Defendant Bergeron was the chauffeur of the bus, his negligence being the only want of care charged against the bus company. The trial resulted in an unauthorized sort of verdict and it is to be regretted that the jury was not subjected to the "good practice" commended in Robyn v. White,

153 Minn. 76, 79, 189 N. W. 577, and asked to "again retire and return a verdict unburdened" with unauthorized matter. The verdict was this:

"We, the jury in the above entitled action, find in favor of the plaintiff and assess her damages in the sum of $8,500, eight thousand five hundred dollars.

"Liederbach Bus Co. $4,250.00.

"Minneapolis Street Railway Co. $4,250.00.

"Frank Drake, Foreman."

March 20, 1925, the separate motions of the bus and railway companies for a new trial were granted. May 20, 1925, judgment was entered, without notice, upon the verdict in favor of defendant Bergeron and against plaintiff. The bus company was then allowed to file a supplemental answer setting up that judgment in favor of its agent as a bar to the action as against itself. The next step was an order denying plaintiff's motion for the vacation of the judgment for Bergeron. Thereafter, on the pleadings, including the supplemental answer of the bus company setting up the Bergeron judgment as a bar, judgment was ordered for the bus company and against plaintiff. The case is here upon three appeals of plaintiff; one from the judgment for the bus company; one from the judgment for Bergeron; and one from the order denying plaintiff's motion to vacate that judgment. The opinion will dispose of all three appeals. The railway company is not a party to any of them.

1. Respondent's motion to dismiss the appeals, for omission from the printed record of the settled case, is denied. The record as it stands reflects enough of the proceedings below to enable us to pass upon the questions raised by appellant and dealt with herein.

2. The first thing to determine is the effect of the peculiar verdict. Was it in favor of defendant Bergeron? It was so considered below, hence the entry of judgment for him. Did the verdict authorize that judgment?

It is hard to escape the logic of the proposition that if, on a single issue, the jury finds for the plaintiff and against two of three de-

fendants, the other defendant is exonerated and the verdict is in his favor, even though he is not named therein. That conclusion seems particularly clear where the jury not only does not mention the third defendant but says that the other two shall pay *all* of the damages assessed. That is what they did here.

In Doran v. C. St. P. M. & O. Ry. Co. 128 Minn. 193, 150 N. W. 800, a verdict "for the plaintiff and against" the one defendant who happened to be the employer of the other was considered as one in favor of the employe, although it did not mention him. In Webster v. C. St. P. M. & O. Ry. Co. 119 Minn. 72, 137 N. W. 168, it was assumed, if not held, that a "verdict against the master alone must be treated as a finding in favor of the employee, although the verdict is silent as to him." Clay v. C. M. & St. P. Ry. Co. 104 Minn. 1, 115 N. W. 949, is actually if not expressly to the same effect. These cases are in accord with the weight of authority. James v. Evans, 80 C. C. A. 240, 149 F. 136; San Antonio & A. P. Ry. Co. v. McCammon (Tex. Civ. App.) 181 S. W. 541; Ivanhoe Furnace Corp. v. Crowder's Admr. 110 Va. 387, 66 S. E. 63; Lawson v. Robinson, 68 Kan. 737, 75 Pac. 1012; Manley Bros. v. B. & M. Railroad, 90 Vt. 218, 97 Atl. 674; Howard v. Johnson, 91 Ga. 319, 18 S. E. 132; Pittsburgh, C. C. & St. L. Ry. Co. v. Darlington's Admx. 129 Ky. 266, 111 S. W. 360; Wabash R. Co. v. Keeler, 127 Ill. App. 265.

3. We come now to the effect of the verdict for Bergeron on the case as against the bus company. The latter is liable under the rule respondeat superior or not liable at all. In such a case a verdict for servant and against master may be inexplicable and arbitrary. Compare Verlinda v. Stone & Webster Eng. Corp. 44 Mont. 223, 119 Pac. 573. But it is none the less a finding against the one asserted basis of liability, the negligence of the servant. While such a finding stands, it is nothing short of an arbitrary seizure of its property, for the private benefit of plaintiff, to hold the employer liable.

There are many cases, some of which are cited above, holding properly enough that where the employer may have been found guilty of negligence other than that of his codefendant employe, a verdict for the latter does not exonerate the employer. But where

the only possible fault is that of the employe, the "necessary effect" of a verdict exonerating him "is that neither defendant is liable." Stanger v. Thompson, 153 Minn. 488, 190 N. W. 897. Wilson v. Erickson, 152 Minn. 364, 188 N. W. 994, is to the same effect. The cases generally sustain that view. 34 C. J. 976. There are some to the contrary. See annotations in 9 L. R. A. (N. S.) 880, 30 L. R. A. (N. S.) 404, and L. R. A. 1917E, 1029. We agree that "the question carries its own answer; and it may be generally affirmed that if an act of an employe be lawful, and one which he is justified in doing, and which casts no personal responsibility upon him, no responsibility attaches to the employer therefor." New Orleans & N. E. R. Co. v. Jopes, 142 U. S. 18, 12 Sup. Ct. 109, 35 L. ed. 919.

The holdings to the contrary are confessedly illogical. De Sandro v. Missoula L. & W. Co. 48 Mont. 226, 136 Pac. 711. It is necessarily so, "since in cases where the servant's negligence is the sole cause of the accident the liability of the master is derivative and based upon the doctrine of respondeat superior." See annotation of Hobbs v. Illinois Cent. R. Co. in L. R. A. 1917E, 1023, 1029. So we conclude that the verdict, if allowed to stand, would exonerate not only Bergeron but also his employer, the bus company.

4. The motion to vacate the judgment for Bergeron was made upon the mistaken assumption that there was no verdict for him. That judgment was entered without notice to plaintiff or her attorneys. It may well be a case of the entry of judgment through "mistake, inadvertence, surprise or excusable neglect" which, under our statute (section 9283, G. S. 1923), vests in the district court the power to vacate within the period of one year from notice. That question was not presented to the court below nor its discretion in the matter invoked. We have considered remanding the case with a view to leaving the judgments open to further attack below by renewed motions to vacate. But the foregoing discussion is futile indeed if it has not shown the verdict to be so perverse as to require a new trial. "The jury in one breath both condemned and exonerated" both the bus company and Bergeron. "This was of course fatal to the verdict." Bell v. N. P. Ry. Co. 112 Minn. 489, 493, 128

N. W. 829, 831. In such cases the necessity for a new trial in the interests of justice is too clear for discussion. Hobbs v. Illinois Cent. R. Co. 171 Iowa, 624, 152 N. W. 40, L. R. A. 1917E, 1023; Southern Ry. Co. v. Harbin, 135 Ga. 122, 68 S. E. 1103, 30 L. R. A. (N. S.) 404, 21 Ann. Cas. 1011. So it is a case where we should reverse both judgments. That result alone would require a new trial. But we have the power when "necessary or proper" to order a new trial. Section 9494, G. S. 1923. That course is certainly proper here, and necessary as well in the interest of simple and direct procedure. So both judgments appealed from are reversed and a new trial ordered as to defendants bus company and Bergeron.

So ordered.

DIBELL, J. I concur in the result.

I am of the view that the verdict was perverse, if in favor of Bergeron, and that both judgments should be reversed, and a new trial ordered. I am not willing to hold that the verdict was for Bergeron. I am willing to hold that it is of so doubtful a character that important rights of litigants should not be determined by it, either those of a plaintiff or of a defendant, and that a mistrial resulted. The same result follows, that is, a reversal of both judgments and a new trial.

HOLT, J. I concur with Mr. Justice Dibell.