# Richmond

## RAY VOLING MOBLEY, ET AL. v. HORACE W. PENDLETON, ET. AL.

November 29, 1971.

Record No. 7589.

Present, All the Justices.

*Aubrey R. Bowles, Jr.* (*Bowles and Boyd*, on brief), for plaintiffs in error.

*Samuel J. T. Moore, Jr.; Lanier Thurmond* (*J. Vaughan Gary; Shewmake & Gary; Thurmond, Beaver & Bostwick*, on briefs), for defendants in error.

SNEAD, C.J., delivered the opinion of the court.

Horace W. Pendleton brought an action to recover for injuries he received in a collision on Interstate 95 near Colonial Heights. The action was filed against Ray V. Mobley and his employer, Carlisle Poultry & Egg Associates, Inc. (Poultry), Bruce D. Sjurseth and John Doe. Thereafter, counsel for Mobley and Poultry moved the court to substitute H. P. Beale & Sons, Inc. (Beale) as a party defendant in place of Doe. The motion to have Beale made a defendant was granted, but upon plaintiff's insistence Doe was retained as a defendant. Pendleton then filed an amended motion for judgment alleging that John Doe was sometimes known as Beale.

After Pendleton had introduced his evidence to prove liability, each defendant moved the court to strike plaintiff's evidence. The court struck his evidence as it pertained to Sjurseth and Doe and entered summary judgment for them. The motions of the remaining defendants were overruled. At the conclusion of all the evidence, the motions to strike were renewed and were again overruled. The jury returned a verdict against defendants Mobley and Poultry in the amount of $22,000, and as to the defendant Beale, the verdict was silent.

A final judgment was rendered against Mobley and Poultry on November 14, 1969, in accordance with the jury's verdict. No final judgment was rendered either for or against Beale. On April 28, 1970, this Court vacated the order of November 14, 1969, and remanded the case for "(1) the entry of such judgment as the court deems appropriate in favor of or against defendant H. P. Beale & Sons, Inc., and (2) the entry of the same judgment against defendants Ray Voling Mobley and Carlisle Poultry & Egg Associates, Inc. as was entered by the court on November 14, 1969." The trial court, on May 26, 1970, entered final judgment in favor of Beale, and entered the same judgment it had previously entered against Mobley and Poultry. Upon their petition, we granted Mobley and Poultry a writ of error.

Four issues are presented for our determination. First, whether there was a valid verdict rendered since it was silent as to defendant Beale. Second, whether the trial court erred in granting Instruction No. 9. Third, whether the evidence showed, as a matter of law, that Mobley was not negligent and, fourth, whether the court erroneously granted Instruction No. 23.

The collision occurred on November 27, 1968, at about 6:20 p.m. in the southbound lanes of Interstate 95, approximately three miles

north of Colonial Heights. Pendleton, the plaintiff, had stopped his automobile in the emergency lane so he could change a left front flat tire. The emergency lane is approximately ten feet wide and Pendleton's car was entirely within this lane. While he was in front of his car preparing to jack it up, a truck owned by Poultry and driven by Mobley struck his car. The impact threw the car about three feet forward and eight feet to the right. Pendleton was injured when struck by his car.

Mobley testified that a truck came up beside him and then cut in front of him. He swerved to the right to avoid hitting the truck and at that point he saw the Pendleton car and struck it. Mobley then cut to the left and collided with an automobile driven by Bruce Sjurseth, which was also proceeding south. After colliding with the Sjurseth vehicle, Mobley's truck turned over. Mobley stated that his speed, immediately before the accident, was approximately fifty miles per hour.

Sjurseth testified that a truck with "Beale's Hams" painted on the back was following Mobley's truck so close it appeared they were touching. The "Beale's Hams" truck began passing Mobley and, without signaling, cut over in front of Mobley. Sjurseth stated he heard a crash and then saw Mobley's truck coming at his car. He accelerated in an effort to avoid Mobley's truck, but the rear end of his car was hit by Mobley.

The testimony of David T. Haley, the investigating trooper, showed that Mobley's truck left a total of 311 feet of skid marks. The skid marks began in the right lane and extended a distance of 138 feet before crossing over into the emergency lane. From there the skid marks continued 63 feet to the point of impact with Pendleton's car, and from that point they continued another 110 feet to the place where Mobley's truck turned over.

Robert Doles, an employee of Beale, testified that he had been to Richmond on the day of the accident. He stated that early in the evening he was driving one of Beale's trucks south on Interstate 95 in the vicinity of the accident. However, he denied any knowledge of or involvement in the accident.

[■] Our first concern in this case involves the validity of the verdict rendered by the jury. The verdict read, "We, the jury, find for the plaintiff against Ray V. Mobley and Carlisle Poultry and Egg Associates, Inc., jointly—Damages—$22,000." This verdict, although expressly finding Mobley and Poultry liable, was silent as to defend-

ant Beale. Pendleton alleged in his amended motion for judgment that the defendants were jointly and severally liable. Thus, it was proper for the jury to return a verdict either against Mobley and Poultry alone or Beale alone or against all three of them. We are of opinion that the jury's verdict was responsive to all the issues presented, and even though it was silent as to defendant Beale, it was nevertheless a verdict in Beale's favor. *Ivanhoe Furnace Corp.* v. *Crowder*, 110 Va. 387, 66 S.E. 63 (1909), *Gable* v. *Bingler*, 177 Va. 641, 15 S.E.2d 33 (1941).

We recognize that in both *Ivanhoe* and *Gable* there existed, between the defendants in each case, the relationship of master and servant. The verdict in both cases was against the master and silent as to the servant. However, insofar as the verdict itself is concerned, the rule that a verdict silent as to one defendant is a verdict in his favor should be the same whether the defendants are master and servant or, as in this case, joint tort feasors.

In *Barnes* v. *Ashworth*, 154 Va. 218, 229, 153 S.E. 711, 713 (1930), we said that where a master's liability is based solely on the liability of his servant and there is a verdict against the master but is silent as to the servant, the verdict should be set aside. This is so, because, in light of the relationship of master and servant, such a verdict is either predicated on a misapprehension of the law or is capricious. We do not think that reasoning should be applied to the case at bar because here the liability of Mobley and Poultry is not dependent upon a finding against Beale. Therefore, assuming at this point that no reversible error exists in the trial of the case, it was proper for the trial court to enter a judgment on the jury's verdict in Beale's favor, and also, to enter a judgment against Mobley and Poultry.

The next issue is whether the court erred in granting Instruction No. 9. The instruction, which is based upon Code § 46.1-201, provided that,

"If any person drives any motor vehicle on the highways of this State for more than thirteen (13) hours in any period of twenty-four (24) hours or for a period which, when added to the time such person may have driven a motor vehicle over the highways of any other State, would make an aggregate of more than thirteen (13) hours in any period of twenty-four (24) hours, he is guilty of negligence.

"(a) And if you believe from a preponderance of the evidence that the Defendant, Ray V. Mobley, while acting as an agent,

servant or employee of Carlisle Poultry & Egg Associates, Inc., violated the foregoing duty, then he was negligent; and if you further believe from such evidence that any such negligence was a proximate cause of the collision, then you shall find your verdict in favor of the Plaintiff against both Defendants, Ray V. Mobley and Carlisle Poultry & Egg Associates, Inc., jointly."

Mobley and Poultry essentially contend that the evidence in the case does not support the instruction. They argue that the evidence offered to prove a violation of § 46.1-201 was necessarily based on surmise and speculation.

The evidence showed that Mobley began his trip between 1:00 a.m. and 2:00 a.m. on November 27. He had driven from his home in Wallace, North Carolina to Burgaw, North Carolina, where he commenced his trip for Poultry. Mobley drove to Patuxent River Naval Station in Maryland to make a delivery for Poultry. He then drove from the Naval Station to Fort Belvoir, Virginia, where he made a second delivery. After leaving Fort Belvoir, Mobley stopped at Jarrell's Truck Stop on Interstate 95, north of Richmond and had something to eat. From there, he proceeded south on Interstate 95 until the accident, which occurred at about 6:20 p.m. The trip from Burgaw to the point of the accident covered about 550 miles and the time that elapsed was approximately sixteen and one-half hours. In response to a question whether he got sleepy during the day while doing all that driving, Mobley said, "Yes, sir, I guess I did."

Mobley made several stops other than the two deliveries and the stop at Jarrell's, but he was unable to say how many stops he made or how long he stopped each time. We conclude the evidence was such that the jury could find that Mobley had driven more than thirteen hours in the twenty-four hour period immediately preceding the accident. It was, therefore, proper to grant the instruction.

We next consider Mobley's and Poultry's contention that they are entitled to a judgment in their favor as a matter of law. They argue that the evidence is conclusive that the only negligence proximately causing Pendleton's injuries was the negligence of Beale. We cannot agree. Without setting forth all the evidence, suffice to say that the jury could find from evidence relating to Mobley's skid marks, his admission of being sleepy and the length of time he had been driving that he was negligent, and that this negligence was a proximate cause of Pendleton's injuries.

■ The final issue we must consider is whether Instruction No. 23 was erroneously granted. That instruction read,

"In order to recover against the defendant, H. P. Beale & Sons, Inc., the burden is upon the plaintiff, Horace W. Pendleton, to prove by a preponderance of the evidence:

"(1) That a truck owned by the defendant, H. P. Beale & Sons, Inc., was present;
"(2) That its driver was an employee, servant or agent of the defendant, H. P. Beale & Sons, Inc. and was at the time of this accident about said defendant's business and acting within the scope of his employment;
"(3) That its driver was negligent; and,
"(4) That such negligence, if so proven, was a proximate cause of this accident.

"And, unless you believe that the plaintiff, Horace W. Pendleton, has proven all of these things by a preponderance of the evidence, then the defendant, H. P. Beale & Sons, Inc., is not liable to said plaintiff and you shall return your verdict in favor of the defendant, H. P. Beale & Sons, Inc."

Mobley and Poultry argue that the court, when it struck the evidence as to John Doe, concluded, as a matter of law, that Beale's truck was present at the scene of the accident. Further, there was no issue of master and servant because it was admitted that Doles, Beale's employee, was acting in the scope of his employment. Finally, Mobley and Poultry contend that Beale was negligent as a matter of law.

In order to determine whether Instruction No. 23 was proper, it is necessary to examine the motion to strike made by counsel for John Doe and the motion to strike made by counsel for Beale. At the conclusion of the evidence concerning liability, counsel for John Doe moved the court to strike the evidence as to him. Doe's counsel argued that four vehicles were involved and they were Pendleton's car, Sjurseth's car, the truck Mobley was driving, and the "Beale's Hams" truck. Thus, according to Doe's counsel, there were no *unknown defendants* in the case and for that reason John Doe should be dismissed as a defendant. The court sustained this motion. Beale's counsel moved the court to strike the evidence as to Beale on the ground that the evidence offered to prove the presence of a

Beale truck was too fragmentary to make out a case against Beale. This motion was overruled. The effect of these rulings was to hold there was no evidence that an unknown vehicle was present, but there was evidence that a Beale truck was present. Therefore, we cannot agree that striking the evidence as to John Doe resulted in a holding that Beale was, as a matter of law, present at the scene of the accident.

The jury was not required to believe the testimony of Sjurseth and Mobley that another truck cut in on the truck operated by Mobley. Thus, it was proper for the court to instruct the jury that as a prerequisite to a finding against Beale, it had to first find that a Beale truck was present. Whether a Beale truck was present, and whether its driver was guilty of negligence proximately causing the accident, were questions solely for the jury.

There was no evidence that Doles, Beale's employee, was not the servant of Beale. This was admitted by Beale's vice-president. Also, in argument before the jury, counsel for Beale stated, in effect, that Doles was employed by Beale and had been to Richmond for Beale on the day of the accident. In view of all the evidence, it is inconceivable to us that the jury could have exonerated Beale on the basis that Doles was not its servant. Hence, the error in submitting the issue whether Doles was Beale's servant was harmless error.

Since we find no reversible error, the judgments appealed from are

*Affirmed.*