PHILADELPHIA & R. RY. CO. v. McGRATH.

(Circuit Court of Appeals, Third Circuit.  September 29, 1910.)

No. 14, March Term, 1910.

RAILROADS (§ 350*)—ACTION FOR INJURY AT CROSSING—QUESTIONS FOR JURY.
  In an action against a railroad company to recover for an injury to plaintiff at a crossing, where there was substantial evidence in favor of plaintiff on the issues of defendant's negligence and plaintiff's contributory negligence, the court properly submitted such issues to the jury.
  [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1152–1192; Dec. Dig. § 350.*]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Action by Theresa McGrath against the Philadelphia & Reading Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also, 173 Fed. 736.

John M. Vanderslice, for plaintiff in error.

William Clark Mason, for defendant in error.

Before BUFFINGTON and LANNING, Circuit Judges, and ARCHBALD, District Judge.

BUFFINGTON, Circuit Judge. In the court below Theresa McGrath sued the Philadelphia & Reading Railway Company, and recovered a verdict for injury to her caused by the defendant's train striking her and cutting off her hand. On the entry of judgment thereon the railroad company sued out this writ of error, and assigned for error the denial of its point that "Under all the evidence in this case your verdict must be for the defendant."

We have reviewed all the proofs, and are of opinion the facts were such that the court was bound to submit the case to the jury. While there was contradictory evidence, the case as presented by the plaintiff and her witnesses showed the plaintiff was injured between 9 and 10 o'clock on the night of May 22, 1908, while attempting to pass the defendant's road at a grade crossing on Willow Grove avenue, Philadelphia. She and a young woman companion came along the avenue; the crossing gate was down, but, as there were no lights either on the gate or avenue, the plaintiff and her companion were unable to see it, and so groped along, feeling their way as best they could. The plaintiff's companion was in the roadway, and got hold of the lowered gate in the darkness. The plaintiff, however, was on the sidewalk, and either through the wing of the gate being so high over the depressed sidewalk that the plaintiff walked under it, or owing to its not extending over the whole width of such sidewalk, she walked past the other end of it and so onto the track, where she was struck by the train.

It is contended by the defendant that the plaintiff did not stop, look, and listen as she drew near the track, but walked on in full view of

the headlight of the locomotive of a properly lighted passenger train engine which she could have seen approaching for a considerable distance up the track. But the difficulty with this contention is that it assumes plaintiff was struck by the particular train to which the defendant's proof is directed. On the contrary, she says the train that struck her was an unlighted train of box cars. The plaintiff's testimony was that when she got near to the crossing she stopped and looked, and seeing nothing, went forward and was immediately struck. Her companion says she was in the middle of the road, and stumbled against the gate in the darkness, and immediately a dark object, what "appeared to be just box cars," passed and struck the plaintiff. The defendant called no one to prove that no freight train passed about this time, and the proof on the defendant's side was fairly open to the contention that the plaintiff was not struck by the passenger train. The passenger train engineer and fireman say they knew nothing of the accident, that they saw no one on or near the track, and that their train stopped at Wyndmore Station, about 90 feet beyond Willow Grove avenue, while the plaintiff's companion says that the train that struck the plaintiff did not stop and she saw no lights on it.

In view of these proofs and of the different inferences that could be drawn therefrom by different men, we are of opinion it was not the province of the court to become a trier of facts, which it would have to do, in saying that plaintiff was struck by a passenger train carrying a headlight, and that therefore the plaintiff was guilty of contributory negligence in walking on the track in the face of it. The situation was summed up by the trial judge in refusing the defendant's motion for judgment non obstante veredicto, and thereto we agree:

"I do not see how the questions of the defendant's negligence and of the plaintiff's contributory negligence could have possibly been withdrawn from the jury. * * * In my opinion there is sufficient direct and positive testimony in support of the plaintiff's claim to prevent the court from undertaking to decide the two vital questions for itself."

·The judgment is affirmed.