# FLANNELLY *v.* DELAWARE AND HUDSON CO.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE
THIRD CIRCUIT.

No. 132.  Argued December 19, 20, 1911.—Decided June 10, 1912.

The law requires of one going upon or over a railroad crossing the exercise of such care for his own protection as a reasonably prudent person ordinarily would take in the same or like circumstances, including the use of his faculties of sight and hearing.

Whether such care has been exercised is generally a question of fact for the jury, especially if the evidence be conflicting or such that different inferences may reasonably be drawn from it.

In this case, *held* that the evidence on the question of contributory negligence of a woman crossing a dangerous railroad crossing was properly submitted to the jury, and that there was evidence from which the jury could well have found, as they did, that she was not negligent.

172 Fed. Rep. 328, reversed.

THE facts, which involve the question of negligence of a railroad company and degree of care required by one crossing a track, are stated in the opinion.

*Mr. Frank W. Hackett* and *Mr. Paul J. Sherwood* for petitioners:

No question of law was before the Circuit Court of Appeals; no bill of exceptions had been signed. The case went up on exceptions to the court's overruling defendant's motion for judgment for defendant notwithstanding the verdict for plaintiff and such a motion is unknown to the common law. Freeman on Judgment, § 7; *Smith* v. *Power*, 15 N. H. 546; *German Insurance Company* v. *Frederick*, 7 U. S. App. 122.

The Circuit Court of Appeals reëxamined the fact of alleged contributory negligence on the part of plaintiff. This procedure in a court of the United States is forbidden by the Seventh Amendment to the Constitution. *Parsons* v. *Bedford*, 3 Pet. 433; *Capital Traction Co.* v. *Hof*, 174 U. S. 1. Consult remarks of Matthews, J., in *Metropolitan R. R. Co.* v. *Moore*, 121 U. S. 537.

- The presiding judge carefully instructed the jury to the effect that plaintiff could not recover if she had been negligent, the question of whether she was negligent was submitted to the jury, upon conflicting testimony; the jury found a verdict for plaintiffs and the presiding judge refused to set that verdict aside, on motion for a new trial. The Circuit Court of Appeals erred in treating the question of negligence as a question of law. That court had no jurisdiction to enter upon a review of the entire testi-

mony. Such action was not in accordance with the rules of the common law, as understood at the time when the Seventh Amendment to the Constitution was adopted.

*Mr. James H. Torrey*, with whom *Mr. W. S. Opdyke* and *Mr. Lewis E. Carr* were on the brief, for respondent:

The Pennsylvania act of 1905 is a valid act applicable by the Conformity Act of Congress to courts of the United States within the State of Pennsylvania. *Delmas* v. *Kemble*, 215 Pa. St. 410; *Joyce* v. *Balto. & Ohio R. R.*, 230 Pa. St. 1; *Rocap* v. *Bell Telephone Co.*, 230 Pa. St. 597; *Fries-Breslin Co.* v. *Bergen*, 168 Fed. Rep. 360; *Smith* v. *Jones*, 181 Fed Rep. 819; *S. C.*, 104 C. C. A. 329.

The practice of entering judgments *non obstante veredicto* has long existed in Pennsylvania. *Casey* v. *Pennsylvania Asphalt Co.* 109 Fed. Rep. 746, adopted in 114 Fed. Rep. 189, *S. C.*, 52 C. C. A. 145; *Fisher* v. *Sharadin*, 186 Pa. St. 568, *S. C.*, 40 Atl. Rep. 1091; *Boyle* v. *Mahanoy City*, 187 Pa. St. 1, *S. C.*, 40 Atl. Rep. 1093; *Carstairs* v. *American Bonding & Trust Co.*, 116 Fed. Rep. 449, *S. C.*, 54 C. C. A. 85.

The provisions of the act of 1905 have been adopted and followed in the practice in the United States courts in Pennsylvania. The statute is of the kind to which the Conformity Act applies. *Fries-Breslin Co.* v. *Bergen*, *supra*; *Townsend* v. *Jemison*, 7 How. 706; *Sawin* v. *Kenny*, 93 U. S. 289; *Bond* v. *Dustin*, 112 U. S. 607; *Ft. Scott* v. *Eads*, 117 Fed. Rep. 51; *S. C.*, 54 C. C. A. 437. See also, *MacCord* v. *Balto. & Ohio R. R. Co.*, 187 Fed. Rep. 443; *Delaware, L. & W. R. R. Co.* v. *Troxell*, 183 Fed. Rep. 373.

Under the act of Congress of 1872, the United States courts sitting in Pennsylvania are bound by the practice as to non-suits regulated by the state statute. *Central Transp. Co.* v. *Pullman*, 139 U. S. 40; *Coughran* v. *Bigelow*, 164 U. S. 308. By analogy the United States courts sitting in Pennsylvania are equally required to follow the

practice with reference to judgments *non obstante veredicto* prescribed by the act of 1905.

The action of the Court of Appeals in this case does not constitute a reëxamination of the facts found by the jury, prohibited by the Seventh Amendment to the Constitution of the United States. *Delmas* v. *Kemble*, 215 Pa. St. 410; *Southern Pacific Co.* v. *Pool*, 160 U. S. 438.

There can be no doubt that where evidence is conflicting that it is the province of the jury to determine, from such evidence, the proof which constitutes negligence. There is also no doubt where the facts are undisputed or clearly preponderant that the question of negligence is one of law. *Union P. R. Co.* v. *McDonald*, 152 U. S. 262; *Delaware, L. & W. R. Co.* v. *Converse*, 139 U. S. 469, 472, and authorities cited; *Elliott* v. *Chicago, M. & St. P. R. Co.*, 150 U. S. 245; *Anderson County Comrs.* v. *Beal*, 113 U. S. 227, 241.

The trial court in this case had power to, and under the defendant's requests for charge, if in accordance with the facts, was bound to, direct a verdict for the defendant at the close of the trial. *Schofield* v. *Railroad*, 114 U. S. 615, 616; *Elliott* v. *Railroad*, 150 U. S. 245, 246.

Even though the words "common law" in the Seventh Amendment referred to the common law of England and not that of the several States, it is not clear that the former does not permit the entry of judgment for defendant *non obstante veredicto*. *Rand* v. *Vaughan*, 1 Bing. N. C. 767, 27 Eng. C. L. R. 568; *Regina* v. *Governor of Darlington School*, 6 Q. B. 704, 57 Eng. C. L. R. 703; *Benson* v. *Duncan*, 3 Exch. 652.

Independently of the act of 1905, the Circuit Court of Appeals had power to reverse the judgment upon the defendant's fourth specification of error in the cause as it came before that court.

The Circuit Court of Appeals having found vital error in the submission of the case to the jury, it could at least

have reversed with *venire facias de novo*, and should still be given the opportunity to enter such judgment if this court should find that the judgment afterward entered in favor of the defendant was erroneous. *Parsons v. Bedford*, 3 Pet. 443–448; *Capital Traction Co. v. Hof*, 174 U. S. 1–3.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was an action to recover damages for injuries and loss occasioned, as was alleged, by negligence of a railroad company resulting in the collision of one of its trains with a vehicle passing over a grade crossing in Pennsylvania. The negligence charged against the defendant was the failure to give due and timely warning of the approach of the train, and the defense interposed was the freedom of the defendant from the negligence charged, and the failure of one of the plaintiffs, who was driving the vehicle, to take reasonable precautions, before attempting to drive over the crossing, to ascertain whether she could do so in safety. In the Circuit Court there was a verdict and judgment for the plaintiffs, and the defendant took the case on a writ of error to the Circuit Court of Appeals. That court treated the record as presenting, in substance, two questions: First, whether there was any substantial evidence of actionable negligence on the part of the defendant, and, second, whether the evidence conclusively established the defense of contributory negligence. Upon examining the evidence purporting to be set out in the record, the Circuit Court of Appeals answered the first question favorably to the plaintiffs and the second favorably to the defendant, and accordingly reversed the judgment. 172 Fed. Rep. 328. The case was then brought here on a writ of certiorari granted on the petition of the plaintiffs.

Assuming, but without so deciding, that the state of the record was such as to justify the Circuit Court of Appeals in examining the evidence and determining whether it conclusively established the defense of contributory negligence, we come to consider whether that question was rightly decided.

As is often true in such cases, some matters were not disputed at the trial, while others were the subjects of conflicting testimony or of testimony from which different inferences reasonably could be drawn. The matters not disputed were these: The injury occurred in the daytime, at a grade crossing in a small country village. The defendant's tracks, which were three in number, ran in a northerly and southerly direction and crossed the highway at right angles. About 700 feet south of the crossing the tracks curved to the west, and when cars were occupying the east track south of the crossing a traveler on the highway east of the crossing could not see a train approaching from the south on either of the other tracks. Mrs. Flannelly, one of the plaintiffs and wife of the other, had occasion to drive along the highway from her home, a few miles east of the railroad, to a point on the other side of it. Seated in the vehicle with her were two small boys. As she neared the crossing a freight train was approaching on the east track from the north. She stopped about 40 feet from that track and waited for the train to pass, which took some time, as it was long and moving slowly. Before this train obscured the view she looked along the tracks to the south and observed that no train was in sight coming from that direction. After the rear of the freight train passed about 150 feet beyond the crossing she drove to the first track, or near it, and, on looking in both directions and seeing no train approaching, started to drive over the tracks. Her view at that time extended 300 feet or more to the south along the second track. As she was passing over that.

track a passenger train approaching thereon from the south sounded a sharp danger signal, and soon struck a rear wheel of her vehicle, thereby wrecking the latter, inflicting bodily injuries on her, and killing one of the boys. The train was moving at a rate of from 50 to 60 miles an hour, or from 73 to 88 feet per second. There was also testimony, more or less disputed, from which the jury reasonably could have found that no whistle was sounded by the passenger train at the place where such a warning of its approach was usually and properly given; that the freight train came to a stop before Mrs. Flannelly drove on the tracks; that she listened attentively for signals given by approaching trains, but heard none, other than the danger signal which came too late to be of avail; that her horse became restive and nervous before she advanced to the crossing; that when the danger signal was sounded by the passenger train the horse halted, reared and delayed their progress between five and ten seconds; and that as that signal was sounded she saw the passenger train emerge from a volume of smoke or steam which was hanging over the tracks to the south.

The law requires of one going upon or over a railroad crossing the exercise of such care for his own protection as a reasonably prudent person ordinarily would take in the same or like circumstances, including the use of his faculties of sight and hearing. And, generally speaking, whether such care has been exercised is a question of fact for the jury, especially if the evidence be conflicting or such that different inferences reasonably may be drawn from it.

We think the evidence in this case, when tested by these standards, required that the defense of contributory negligence be submitted to the jury as a question of fact, as was done by the Circuit Court. The conclusion to the contrary in the Circuit Court of Appeals was rested upon

the theory that the freight train did not stop after clearing the crossing but continued in a southerly direction, thereby giving promise that the obstruction to the view along the tracks on that side of the crossing would quickly disappear. But a careful examination of the record satisfies us that there was evidence from which the jury could well have found that the train came to a full stop about 150 feet south of the crossing before Mrs. Flannelly started to cross over. If it did, she hardly could be declared negligent for failing to await its further movements, of which she knew nothing. Besides, if the action of her horse was as described, she ought not to be charged with negligence in not anticipating it.

Other questions were discussed at bar and in the briefs, but as, in the view which we take of the evidence examined by the Circuit Court of Appeals, the judgment of the Circuit Court should have been affirmed, the other questions need not be considered.

*Judgment reversed.*