FRED C. HAFFKE, APPELLANT, V. MISSOURI PACIFIC RAIL-
ROAD CORPORATION IN NEBRASKA, APPELLEE.

FILED APRIL 10, 1923. No. 22324.

1. **Railroads:** CROSSINGS: DUTY OF TRAVELER. "It is the duty of a
traveler on a highway, when approaching a railroad crossing, to
look and listen for the approach of trains. He must look, where,
by looking, he could see, and listen, where, by listening, he could
hear; and if he fails without reasonable excuse to exercise such
precautions he is guilty of negligence." *Askey v. Chicago, B. & Q.
R. Co.,* 101 Neb. 266.

2. ———: NEGLIGENCE OF TRAVELER. Under the facts disclosed by the
record, and set out in the opinion, *held,* that the negligence of the
plaintiff was more than slight, as compared with the negligence of
the defendant, and precludes plaintiff from a recovery.

3. **Negligence:** COMPARATIVE NEGLIGENCE: QUESTION FOR COURT. Where
the facts show beyond reasonable dispute that the plaintiff's negli-
gence was more than slight, as compared with the negligence of the
defendant, it is the province of the court to direct a verdict for the
defendant.

APPEAL from the district court for Lancaster county:
WILLIAM M. MORNING, JUDGE. *Affirmed.*

*H. S. Lower* and *Wilmer B. Comstock,* for appellant.

*J. A. C. Kennedy, Yale C. Holland* and *George L.
DeLacy, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and DAY,
JJ.

DAY, J.

This action was brought by Fred C. Haffke to recover
damages for personal injuries sustained in a collision
between his automobile truck and one of defendant's
trains at a railroad crossing. The plaintiff claims that
the collision and consequent injuries were due to the
defendant's negligence. At the conclusion of the plain-
tiff's testimony the trial court, on motion of the de-
fendant, directed the jury to return a verdict in favor
of the defendant, which was accordingly done. There-
upon judgment was entered in favor of the defendant.
Plaintiff appeals.

The error complained of by the plaintiff is the failure of the court to submit the question of negligence and contributory negligence to the jury. It appears from the record that about 9 a. m. on April 14, 1920, the plaintiff was driving his Reo automobile truck loaded with cattle, en route from Plattsmouth to Omaha, Nebraska. A short distance from where the collision occurred the highway passes over the Pappio creek bridge, and then rises gradually up to the railroad crossing some 34 yards from the east end of the bridge, the elevation at the crossing being about 6 feet above the roadway at the bridge. The bridge was about 34 yards in length. At any point from the east end of the bridge to the crossing a person traveling along the highway could see plainly down the track in the direction from which the train approached as far as the whistling post. The distance from the crossing to the whistling post is estimated by the plaintiff at 600 feet, by one of his witnesses at 1200 feet, and it is alleged in the petition that it is about 1000 feet. Just as the plaintiff drove off the east end of the bridge he looked in both directions, but saw no train. He then proceeded to approach the railroad crossing driving his truck in low gear at a speed of about two miles an hour. After leaving the bridge he did not look again for approaching trains, but listened as best he could, the noise of his machine and the wind interfering somewhat with his ability to hear. In this manner he drove upon the track when the train was about 30 yards distant, and coming toward him at a speed of about 50 miles an hour. The train collided with the truck, demolishing it, and the plaintiff sustained severe personal injuries; both of his legs were broken, and he was bruised in several places about the head and body.

We think it may well be conceded that the evidence with respect to the negligence of the defendant is sufficient to have that issue submitted to the jury, but the question upon which the case must turn is whether the plaintiff was guilty of such contributory negligence

as to defeat a recovery. Assuming that the plaintiff is correct in his estimate that an approaching train could be seen for the first time when within 600 feet of the crossing by a person traveling upon the highway between the bridge and the railroad track, that the train was running at 50 miles an hour, and that he was driving his truck at two miles an hour, it would follow that the plaintiff would be at a point about 24 feet from the crossing at the earliest possible moment it was possible for him to have seen the approaching train. To cover this distance would require about 8 1-3 seconds for both the train and the plaintiff's truck. Plaintiff concedes that, had he looked at any time while covering this distance of 24 feet, he could have seen the train. He also testified that he could have stopped his truck within a distance of one foot.

Was the failure of the plaintiff to look for an approaching train while passing over this distance such contributory negligence as to defeat a recovery? The rule is now fairly well settled in this state that it is the duty of a traveler on a highway, when approaching a railroad crossing, to look and listen for approaching trains. He must look, where, by looking, he could see, and listen, where, by listening, he could hear, and if he fails without reasonable excuse to exercise such precautions, no recovery can be had arising out of a collision with a passing train. *Rickert v. Union P. R. Co.*, 100 Neb. 304; *Askey v. Chicago, B. & Q. R. Co.*, 101 Neb. 266; *Seiffert v. Hines,* 108 Neb. 62.

The plaintiff seeks to excuse his failure to look for an approaching train while traveling this distance of 24 feet by showing that the road was in bad condition; that it was soft; that there were some ruts almost axle deep; and that it was necessary that his whole attention be centered upon driving his machine. We do not consider, however, that the circumstances were such as to excuse him from looking. A mere glance occupying but a fraction of a second would have sufficed to warn him

of the approaching train.

The plaintiff also contends that under our comparative negligence statute (Comp. St. 1922, sec. 8834) the question of negligence and contributory negligence should have been submitted to the jury. In *Disher v. Chicago, R. I. & P. R. Co.,* 93 Neb. 224, it was held: "Where the facts in evidence tend to show both negligence and contributory negligence, the duty to make the comparison required by the statute rests with the jury, unless the evidence as to negligence is legally insufficient, or contributory negligence is so clearly shown that it would be the duty of the trial court to set aside a verdict in favor of the plaintiff. Ordinarily, wherever there is room for difference of opinion upon these questions, they must be submitted to the jury." In *Morrison v. Scotts Bluff County,* 104 Neb. 254, it was held that, if in comparing the negligence of the parties, the contributory negligence of the plaintiff is found to exceed in any degree that which under the circumstances amounts to slight negligence, the contributory negligence of the plaintiff will defeat a recovery. In *Dodds v. Omaha & C. B. Street R. Co.,* 104 Neb. 692, it was held: "In an action for damages caused by the alleged negligence of the defendant, where it is shown beyond reasonable dispute that the plaintiff's negligence is more than slight as compared with that of the defendant, the case should not be submitted to the jury, and it is the duty of the court to enter judgment of dismissal." See *Frye v. Omaha & C. B. Street R. Co.,* 106 Neb. 333; *Bauer & Johnson Co. v. National Roofing Co.,* 107 Neb. 831.

Considering all of the circumstances surrounding this accident, we conclude that reasonable minds could come to no other conclusion than that plaintiff was guilty of more than slight negligence in comparison with the negligence of the defendant, and that the court was right in directing a verdict for defendant.

AFFIRMED.