EDWIN STANLEY, APPELLEE, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, APPELLANT.

FILED MARCH 18, 1925. No. 23042.

1. Railroads: COLLISION: COMPARATIVE NEGLIGENCE. "When persons approach a railroad crossing, ordinary care for their own safety requires them to look and listen, where it will be of value to look and listen, to ascertain if trains are approaching. In the absence of facts calling for the application of the doctrine of 'the last clear chance,' one who fails to take such a precaution, without reasonable excuse, and is injured by a collision with a train or engine, may not recover, unless his contributory negligence was slight and the negligence of the defendant was gross in comparison. Rev. St. 1913, sec. 7892." *Seiffert v. Hines,* 108 Neb. 62.

2. Negligence: INSUFFICIENT EVIDENCE. The evidence is outlined in the opinion and *held* insufficient to sustain the verdict.

APPEAL from the district court for Douglas county: JAMES M. FITZGERALD, JUDGE. *Reversed.*

*E. P. Holmes* and *Guy C. Chambers*, for appellant.

*McKensie, Cox & Harris* and *Rosewater, Mecham & Burton, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD and EVANS, JJ., REDICK and SHEPHERD, District Judges.

MORRISSEY, C. J.

Plaintiff brought this action against defendant to recover for the destruction of his automobile and injuries to himself in a collision, at a road crossing, between plaintiff's automobile and one of defendant's passenger trains. The collision occurred during the daytime on July 10, 1921. Plaintiff was driving in a southeasterly direction and defendant's train was running in a southwesterly direction. The public road and the railroad crossed at right angles. At the intersection the railroad road-bed was several feet higher than the adjacent ground, and plaintiff drove up an ascending grade to reach the intersection of the two roads. The negligence charged against defendant, as stated in plaintiff's brief, is "defendant's failure to ring the bell and sound the whistle as required by law." But, as supplemental to this charge, plaintiff contends that defendant permitted weeds, brush and trees to grow upon its right of way in such a way as to prevent plaintiff's view and cut off his observation of the approaching train until he was within a few feet of the rails of defendant's track. Plaintiff had crossed the track at this intersection earlier in the day, and was aware of the presence of the railroad. Plaintiff testified that he was on the lookout for a train, but did not see it until his automobile was within 4 or 5 feet of the rail, when his wife, who was riding in the car with him, made an outcry and jumped from the automobile; that the train was then only 25 to 40 feet distant; that he disengaged the clutch and applied the brake, but before he

could bring the car to a full stop, the front end of the car had passed over the nearest rail; that he threw the lever into reverse, but before he could back the car from the track, it was struck by the oncoming locomotive, which was moving at the rate of 40 miles an hour. The cause was submitted to the jury, which returned a verdict in favor of plaintiff, and defendant prosecutes this appeal from the judgment entered thereon.

There is but one substantial issue presented, namely: Is the evidence sufficient to support the verdict? In support of plaintiff's charge of negligence, there is evidence from which the jury might find that the locomotive bell was not rung for the crossing and that the whistle was not blown, as required by statute. Indeed, according to plaintiff's testimony, the whistle was not blown until plaintiff was within 4 or 5 feet of the rail and the locomotive not more than 40 feet distant from the intersection, so we will assume that there was evidence to substantiate the charge of negligence made in plaintiff's petition. As to the presence of the obstructions alleged to have been upon defendant's right of way, the evidence is conflicting. Plaintiff testified that the weeds, brush and trees growing upon the right of way were 10 or 12 feet high, and this testimony is supported by that given by his wife and by other witnesses. However, as we construe the testimony, the trees mentioned were growing along the right of way fence, and were not in a location where they obstructed plaintiff's view after he had passed the line of the right of way fence. Granting that the trees may have obstructed the view while he was a considerable distance from the crossing, still, had he been watchful while traversing the 50 or 100 feet immediately before reaching the rails of defendant's track, the trees would not have obscured his observation of the approaching train. But, in addition to the trees we have just mentioned, plaintiff claims that there were other obstructions. He was asked the direct question: "Now, about how high did these weeds and trees and brush grow at the time of this accident? A. Oh, I should judge about from 3 to 5 or 6

feet." Plaintiff's wife testified that, as they ascended the grade and neared the crossing, she kept a lookout for a train, but did not see one approaching because of the obstructions, and stated that there were weeds, brush and trees on the right of way, "some of them as high as 10 feet." But when we turn to the testimony of plaintiff, it does not appear that the obstructions were the cause of his failure to see the approaching train. He was driving to the southeast; the train approached from the northeast; the automobile was equipped with the now obsolete right-hand steering post, and he was seated on the right-hand side of the car, the side farthest from the approaching train. On cross-examination, he gave the following testimony: "Q. So, as you went upon the track, you weren't looking for the approaching train? A. I was looking west. Q. You were looking the other way? A. Yes, sir. Q. Not east? A. No, sir. * * * Q. When you went up there you kept your eyes to the west, I understand? A. Yes, sir. Q. All the time? A. That is the way I was looking; yes, sir."

The train was approaching from the northeast, and it was the duty of plaintiff in approaching the track to look to the northeast, as well as to the west, or southwest. *Hall v. Union P. R. Co., ante,* p. 9.

After giving full effect to the testimony submitted on behalf of plaintiff, can it be said that the negligence proved against defendant was gross, and the negligence of plaintiff only slight in comparison therewith? In approaching this crossing, which, according to plaintiff's own testimony, was in a dangerous condition, he took no precaution for his own safety; not even glancing in the direction from which the train causing the injury came. And no excuse for a failure to look in that direction is even suggested.

"When persons approach a railroad crossing, ordinary care for their own safety requires them to look and listen, where it will be of value to look and listen, to ascertain if trains are approaching. In the absence of facts calling for the application of the doctrine of 'the last clear chance,' one who fails to take such a precaution, without reasonable

excuse, and is injured by a collision with a train or engine, may not recover, unless his contributory negligence was slight and the negligence of the defendant was gross in comparison. Rev. St. 1913, sec. 7892." *Seiffert v. Hines*, 108 Neb. 62.

On the record presented, we are constrained to hold that the evidence is not sufficient to sustain the verdict, and the judgment is reversed and the cause remanded.

REVERSED.