LOUIS BELZ, EXECUTOR, APPELLANT, V. CHICAGO &
NORTHWESTERN RAILWAY COMPANY ET AL.,
APPELLEES.

FILED JANUARY 24, 1930.   No. 26951.

*Sanden, Anderson & Gradwohl,* for appellant.

*Wymer Dressler; R. D. Neely* and *Hugo Lutz, contra.*

Heard before GOSS, C. J., GOOD, THOMPSON, EBERLY and
DAY, JJ., and FOSTER and SHEPHERD, District Judges.

FOSTER, District Judge.

The plaintiff, Louis Belz, executor of the estate of Alis
Belz, deceased, brought this suit to recover damages grow-
ing out of an accident which caused the death of Alis Belz,
and which occurred at a point in Stanton county, Nebraska,
where the highway crosses the railroad track of the Chi-
cago & Northwestern Railway Company.

It appears that the deceased was driving his automobile
west on the highway and, as he was crossing the railroad
track, was struck by a lone engine which was following a
freight train.   The accident occurred in the daytime, and
the deceased had an unobstructed view to the east along the
railroad for at least a mile.   The highway upon which the

deceased was traveling follows the railroad to the crossing from the east for several miles.

All of the witnesses testified that they heard the engineer on the lone engine give the usual signal by whistle as he approached the crossing and most of them say that the bell was ringing.

The plaintiff claims that the defendants were negligent in operating a lone engine so close behind a train and not giving the proper signal of its approach, and that the freight train which had just passed the deceased was such a diverting circumstance as to excuse him in attempting to cross the track.

The defendants claim that the deceased was guilty of gross contributory negligence in not keeping a proper lookout for approaching trains and in not seeing and hearing the engine which struck him, when there was nothing to obstruct his view of, or prevent him from hearing, the approaching engine.

We cannot agree with the plaintiff's interpretation of the question of negligence. The deceased had a plain, unobstructed view of the railroad, and could have seen the engine in plenty of time to avoid the collision, if he had looked. The engineer gave the usual signals with the whistle. The alleged negligence of the railway company in running a lone engine so close behind a freight train is overcome by the gross negligence of the deceased in not looking and listening before he attempted to cross the track.

Our court has several times held that, where the facts show beyond reasonable dispute that the plaintiff's negligence was more than slight as compared with the negligence of the defendant, it is the province of the court to direct a verdict for the defendant. *Allen v. Omaha & S. I. R. Co.*, 115 Neb. 221; *Dodds v. Omaha & C. B. Street R. Co.*, 104 Neb. 692.

The question of whether or not the engineer rang the bell, when it is shown by nearly all the witnesses testifying that he blew the whistle, is not sufficient in itself to submit

the case to the jury, because a signal was given which the deceased could have heard if he had listened.

Where a traveler on a highway failed to exercise a reasonable care by not looking and seeing an approaching engine, where he had an unobstructed view of the railroad, it is such negligence as will defeat a recovery, even though no signal was given with bell or whistle. *Moreland v. Chicago & N. W. R. Co.*, 117 Neb. 456.

The plaintiff depends upon the case of *McGhee v. White*, 66 Fed. 502, 13 C. C. A. 608, wherein it was held that a railroad company was guilty of negligence sufficient to submit the case to a jury, where the plaintiff drove upon the track with a horse and wagon, and was struck by a train which was closely following another train. The evidence in the *McGhee* case shows that the plaintiff could not see the approaching engine until he was within 20 feet of the track, and that his view was obstructed up to that point. Such a state of facts does not exist in the case at bar. The deceased had an unobstructed view of the railroad.

It is shown beyond reasonable dispute by the testimony offered by the plaintiff and by the circumstances surrounding the collision that the negligence of the deceased was more than slight as compared with that of the defendants.

It was the duty of the court, therefore, to withdraw the case from the jury and enter a judgment for the defendant.

The judgment of the district court is

AFFIRMED.