## ROGERS v. CHICAGO, R. I. & P. RY. CO.
### No. 8520.

Circuit Court of Appeals, Eighth Circuit.
Feb. 18, 1930.

602

William M. Giller, of Omaha, Neb. (Frank L. Weaver, of Omaha, Neb., on the brief), for appellant.

Guy C. Chambers, of Lincoln, Neb. (E. P. Holmes, of Lincoln, Neb., on the brief), for appellee.

Before STONE, Circuit Judge, and MUNGER and REEVES, District Judges.

REEVES, District Judge.

Appellant claims damages for injuries alleged to have been sustained by him at a railroad crossing. The trial court deemed his evidence insufficient to warrant recovery and peremptorily directed a verdict for the appellee. While the cause was pending in a state court and before removal to the federal court, appellant suffered a similar defeat, but upon appeal to the Supreme Court of Nebraska it was there held that his evidence was sufficient to warrant consideration by a jury.

After such reversal of the case, a resident defendant deceased, and there being then a diversity of citizenship, the cause was removed to the national court.

The appellant contends that his evidence was sufficient to justify submission to the jury, and moreover he asserts that the decision of the Supreme Court of the State of Nebraska has become the law of the case and that this court is controlled thereby. In view of the contentions of the parties it will be necessary to note the facts.

About 2:30 p. m. on June 28, 1923, appellant, hereinafter referred to as plaintiff, while driving his automobile, approached a railroad crossing of the appellee, hereinafter referred to as defendant. The point of intersection of the highway and railroad was between Fairbury, Neb., and Omaha, Neb.

Defendant's railroad track at that point runs in an eastwardly and westwardly direction. Plaintiff had been traveling on a road that was within inclosed land. He emerged from said inclosure through a gate about 75 yards west of the crossing. This was in close proximity to defendant's right of way and on the north side thereof. He then traveled along the highway eastwardly and parallel with the fence of defendant's right of way until said highway turned south at right angles. He passed through an open gate of the right of way fence to the railroad track, where his automobile was hit by the locomotive of one of defendant's passenger trains traveling eastwardly.

After passing through the gate of the inclosed land, he looked to the southwest and at a distance of about one-fourth mile could see the railroad track which was then clear. His view of the track in the immediate vicinity was obstructed by a high embankment. While he traveled to the point where the road turned to the south and over the railroad, he was unable to see the track. After turning south the track was hidden by the embankment till he reached a point approximately 16 feet from the north rail. There he had a clear view of the railroad track westwardly for about 300 feet. He then estimated his speed at from 3 to 5 miles per hour. He said that he was traveling in low speed or low gear. The embankment on the right of way which had obstructed his view extended up to 15 or 16 feet of the north rail. When plaintiff first saw the railroad train, he was within 10 feet of the north rail, and the front end of his automobile was approximately within 5 feet of the north rail. At the moment he first saw the train approaching it was "anywhere from a hundred to two hundred feet, it might have been three hundred feet, but not so very far away." He estimated its speed from 45 to 50 miles per hour. He applied his brakes and sought to reverse his direction but "killed" his engine in the effort. His automobile was hit by defendant's engine and was carried several feet down the track and overturned.

Plaintiff bases his right of recovery upon the provisions of section 8834, Compiled

Statutes 1922 of Nebraska, as follows: "In all actions brought to recover damages for injuries to a person * * * caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; and all questions of negligence and contributory negligence shall be for the jury."

Plaintiff asserts that the station of Rumsey was at or near the point of the collision and that the engineer of defendant's train failed to sound the whistle or ring the bell either for the crossing or for said station. He testified that he had listened for such signals but that none had been given. It is contended that there was a twofold duty to give said signals because there were both a public crossing and a railway station for receiving and discharging passengers for some trains.

■ 1. The Supreme Court of Nebraska, in Tyson v. Missouri P. R. Corp. in Nebraska, 113 Neb. 504, 203 N. W. 560, 561, has construed the comparative negligence statute, relied upon by plaintiff, as follows: "Where * * * it is shown beyond reasonable dispute by plaintiff's own testimony that the plaintiff's negligence is more than slight as compared with that of the defendant, it is the duty of the court to enter a judgment of dismissal." Dodds v. Omaha & C. B. St. Ry. Co., 104 Neb. 692, 178 N. W. 258; Haffke v. Missouri Pac. R. Corp. in Nebraska, 110 Neb. 125, 193 N. W. 257 and Allen v. Omaha & S. I. Ry. Co., 115 Neb. 221, 212 N. W. 428.

If therefore plaintiff's negligence was more than slight as compared with that of the defendant, the trial court was correct in directing a verdict on behalf of the defendant.

■ 2. In construing and applying said statute the Nebraska courts have followed the usual doctrines with respect to travelers approaching railroad tracks at crossings. In Askey v. Chicago B. & Q. R. Co., 101 Neb. 266, 162 N. W. 647, 649, the court defined the duty of a traveler on a highway, when approaching a railroad crossing, as follows:

"To look and listen for the approach of trains. He must look where by looking he could see, and listen where by listening he could hear. * * *

"It is the duty of one operating an automobile and approaching a crossing with which he is familiar, and where the view is obstructed until near the track, to drive his car at such speed that he can stop it after discovering a train in time to avoid a collision. The high speed which prevents such control at a railroad crossing is negligence as a matter of law. * * * This rule springs from the rule which recognizes a railroad crossing as a place of danger and requires one, knowing he is approaching it, to look and listen before attempting to cross. Control of the vehicle is essential."

■ 3. Applying the foregoing principles to the case at bar, it should be recalled that the plaintiff approached defendant's railroad with his view entirely obstructed until within 15 or 16 feet of the track. Although he testified he had listened for signals, he did not explain why he did not look to the right or left along the railroad track until he was within 10 feet of the north rail. The fact that plaintiff was so near the track when he first observed the approaching train is not an excuse for his failure to exercise proper precautions for his safety.

In the case of Kepler v. Chicago, St. P., M. & O. Ry. Co., 111 Neb. 273, 196 N. W. 161, 162, the Nebraska Supreme Court promulgated a true doctrine when it held: "It is the positive duty of an automobile driver, approaching a railroad crossing where there is a restricted vision, to stop, look, and listen at a time and place where stopping, looking, and listening would be effective, and failure to observe this rule is negligence." Philadelphia & R. R. Co. v. LeBarr (C. C. A.) 265 F. 129. Late Nebraska cases are in consonance with this.

■ In the instant case plaintiff drove to a point 10 feet from the north rail and with the front end of his car only 5 feet therefrom before he observed the approaching train. Although he was in low speed, yet he was running too fast in view of his proximity to the track to stop in time to avert a collision. The rule is that plaintiff should have had his car under such control that when he observed the approaching train he could have stopped in time to avoid a collision. In Moreland v. Chicago & N. W. Ry. Co., 117 Neb. 456, 220 N. W. 692, 695, the Nebraska Supreme Court held, upon facts very similar, that: "He should use alertness and vigilance before he has taken a position exposing himself to peril or has come within the zone of danger, so that his precaution may be effective."

In B. & O. R. R. Co. v. Goodman, 275 U. S. 66, loc. cit. 70, 48 S. Ct. 24, 25, 72 L. Ed. 167, 56 A. L. R. 645, in referring to a traveler approaching a railroad crossing, as in the case at bar, the court said:

"It seems to us that if he relies upon not hearing the train or any signal and takes no further precaution he does so at his own risk. If at the last moment Goodman found himself in an emergency it was his own fault that he did not reduce his speed earlier or come to a stop. It is true as said in Flannelly v. Delaware & Hudson Co., 225 U. S. 597, 603, 32 S. Ct. 783, 56 L. Ed. 1221, 44 L. R. A. (N. S.) 154, that the question of due care very generally is left to the jury. But we are dealing with a standard of conduct, and when the standard is clear it should be laid down once for all by the Courts. See Southern Pacific Co. v. Berkshire, 254 U. S. 415, 417, 419, 41 S. Ct. 162, 65 L. Ed. 335."

It is useless to multiply authorities. Plaintiff's own negligence precludes recovery, and the trial court was correct in so instructing the jury.

4. Plaintiff contends, however, that the opinion and decision of the Supreme Court of Nebraska in this case becomes "the law of the case" and all matters there adjudicated and finally determined are binding upon this court.

The so-called doctrine of the "law of the case" has no application here. This doctrine is applicable where a reviewing court has once passed upon a question regularly propounded. It is then precluded from agitating that question again. However, the better rule and the one now being accepted is "that though ordinarily a question considered and determined on the first appeal is deemed to be settled and not open to re-examination on a second appeal, it is not an inflexible rule, and if the prior decision is palpably erroneous it is competent for the court to correct it on the second appeal." 2 R. C. L. §§ 187 and 188.

In Higgins v. California Prune & Apricot Grower, 3 F. (2d) 896, loc. cit. 898, the Court of Appeals, Second Circuit, announced the doctrine: "Besides, whatever may be said of earlier decisions, it is now well settled that the 'law of the case' does not rigidly bind a court to its former decisions, but is only addressed to its good sense."

Moreover, the question decided in the first instance must be the same as those again presented.

In the instant case an examination of the opinion of the Supreme Court of Nebraska discloses a variance as to the facts. In the state court trial plaintiff testified that he saw the approaching train 100 to 150 feet from the crossing at a time when he was within 16 feet of the north rail.

In the instant case he said that he saw the approaching train 100 to 300 feet from the crossing when he had reached a point 10 feet from the north rail and when the front of the automobile was within 5 feet of the north rail. In the instant case he testified that he was driving his automobile in low speed with the necessarily increased noise, whereas there is no evidence that that same fact was before the Supreme Court of Nebraska.

There were other points of difference, but in our view of the case it is not necessary to enumerate them. In Harrison v. Foley, 206 F. 57, 59, the Court of Appeals of this circuit held that: "The doctrine of the law of the case in its customary sense does not run from state to federal jurisdiction." See, also, Interstate Realty & Investment Company v. Bibb County, Georgia (C. C. A.) 293 F. 721.

The action of the trial court in directing a verdict for the defendant at the close of plaintiff's case was not error in view of the decision of the Nebraska Supreme Court. It follows that the judgment of the trial court should be and is affirmed.