## NEW YORK, O. & W. RY. CO. v. JONES.
### No. 5017.

Circuit Court of Appeals, Third Circuit.
June 30, 1933.

Rehearing Denied Sept. 7, 1933.

M. J. Martin and Paul G. Collins, both of Scranton, Pa., for appellant.

R. L. Levy and A. M. Lucks, both of Scranton, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

■ This is an appeal from a judgment entered by the District Court for the Middle District of Pennsylvania. The plaintiff brought suit in trespass to recover for personal injuries alleged to have been sustained by him as a result of the defendant's negligence. The defendant's railroad passes through the city of Scranton, Pa. Its single tracks intersect with a public street at what is known as the Wilbur street crossing. The night on which the accident occurred was foggy. It had been raining intermittently. The plaintiff testified that at about 11:30 p. m. he attempted to cross the tracks at this intersection; that, when he was about four feet from the nearest rail, he stopped, looked, and listened; that he did not see any on-coming train nor hear any warning signals; that he was struck by the defendant's train when he was midway between the rails. The plaintiff's version of the facts was accepted by the jury, and a verdict returned in his favor.

The defendant produced evidence tending to show that there was no negligence on its part and that the plaintiff was guilty of contributory negligence. Witnesses for the defendant testified that the engine headlights were shining; that the engine bell was rung and the warning whistle was blown at a proper distance from the crossing; and that the train was slowed down to a reasonable rate of speed before it reached the crossing. There was additional testimony that the plaintiff had admitted that the accident did not occur at the Wilbur street crossing but while he was walking the tracks as a trespasser. The defendant reasons that, even if it were negligent and even if the accident had occurred at a crossing, the physical facts and circumstances were such that the plaintiff could not have stopped, looked, and listened, as he testified, without seeing and hearing the train which struck him.

■ We have examined the charge of the learned trial judge and find that careful and adequate instructions were given to the jury upon this point and upon every issue raised by the defendant. The jury was told in an emphatic and unambiguous manner that the plaintiff could not recover if the accident occurred at a place other than the crossing or if the defendant gave due and timely notice of the approach of the train or if the plaintiff failed to stop, look, and listen before attempting to cross the tracks or if the plaintiff failed to see and hear the train when he should have seen and heard it. The trial judge properly presented these issues for determination by the jury. The pertinent facts were in dispute and were not such as to require the direction of a verdict for the defendant. Philadelphia & R. Ry. Co. v. McGrath, 181 F. 687 (C. C. A. 3). A court may not substitute its judgment of the facts for that of a jury. In Flannelly v. Delaware & Hudson Co., 225 U. S. 597, 32 S. Ct. 783, 784, 56 L. Ed. 1221, 44 L. R. A. (N. S.) 154, the Supreme Court said:

"The law requires of one going upon or over a railroad crossing the exercise of such care for his own protection as a reasonably prudent person ordinarily would take in the same or like circumstances, including the use of his faculties of sight and hearing. And, generally speaking, whether such care has been exercised is a question of fact for the jury, especially if the evidence be conflicting or such that different inferences reasonably may be drawn from it.

"We think the evidence in this case, when tested by these standards, required that the defense of contributory negligence be submitted to the jury as a question of fact, as was done by the circuit court."

■ When uncertainty as to the extent of negligence or of contributory negligence arises from a conflict in the testimony, the question is not one of law but of fact to be settled by the jury. Richmond & Danville Railroad v. Powers, 149 U. S. 43, 13 S. Ct. 748, 37 L. Ed. 642; Gunning v. Cooley, 281 U. S. 90, 50 S. Ct. 231, 74 L. Ed. 720. There was sufficient conflict of testimony in this case to require that the issues be submitted to the jury.

We find that there is no basis for the defendant's contention that the charge inadequately presented the law and the evidence.

■ We have not considered a number of questions raised by the assignments of error because no specific exceptions were taken by the defendant.

The judgment of the court below is affirmed.