[File No. 6755]

HILDA STELTER, Respondent, v. NORTHERN PACIFIC RAIL-
WAY COMPANY, a Corporation, and J. G. Schlosser, Appel-
lants.

(299 NW 310)

Opinion filed July 22, 1941.   Rehearing denied August 9, 1941

*Conmy & Conmy,* for appellants.
*Murray & Murray,* for respondent.

MORRIS, J. This is an appeal from a judgment rendered in favor of the plaintiff pursuant to a verdict of the jury. The appellant made no motion for a new trial in the court below but did make a motion for a directed verdict at the close of the case. This motion was denied and upon this appeal the denial of the motion for directed verdict is specified as error.

The plaintiff seeks damages for personal injuries and damages to property resulting from a collision between a motor vehicle driven by the plaintiff and a gasoline motor train operated by the defendant. The collision took place on May 6, 1940, at a crossing somewhat less than a mile northwest of New Leipzig, North Dakota.

At about the time of the accident the plaintiff was driving south on highway 49. Her vehicle was a school bus to which was attached a four wheel trailer. The trailer contained thirty bushels of grain, some oil barrels and tools. The defendant's railway in the vicinity of the accident runs in a southwesterly and northeasterly direction. Highway 21 lies north of the railroad and runs east and west. Highway 49 runs north and south and intersects highway 21, approximately 200 feet north of where it crosses the railroad. The plaintiff stopped her vehicle at the intersection of the two highways. She then proceeded in low gear on highway 49 to the railway crossing. She did not again stop the vehicle prior to the accident. The road ran up-grade as it approached the crossing. The train that struck the plaintiff's vehicle came from the west. When she stopped at the highway intersection, the plaintiff looked east and west but saw no train. After starting up she looked both ways but did not look west during the last 75 feet of her approach to the crossing. Her view to the west was at least partly obstructed at the highway intersection but was not obstructed during the last 75 feet of the approach to the railway crossing. She did not hear the train whistle until a few seconds before the crash and then she

mistook it for the signal of an automobile. The plaintiff is definite in her statement that if she had looked to the west during the last 75 feet of her approach to the crossing, she could have seen the train. She stated that she was looking to the east at that time.

The train was not equipped with a steam whistle or bell. It consisted of a gas motor car and a coach. It was equipped with air brakes in good operating condition. The warning signal consisted of a horn operated by air. It made a sound loud enough to be plainly heard in the village approximately three quarters of a mile away. As the train approached the crossing, it was proceeding about 32 miles an hour. It was being operated by an experienced engineman. The train was carrying a light load. The engineman testified that he saw the bus approaching the crossing from the time it left the highway intersection, and gave the regular crossing signal but several witnesses said they heard no whistle until just before the crash. He supposed that the driver of the bus would stop. She was proceeding slowly, about two or three miles per hour. The train was 25 or 30 feet from the crossing when the engineman discovered that the driver of the bus was not going to stop. He immediately applied the brakes, first using the service application followed by the emergency. The locomotive struck the bus a foot or so behind the cab. When the train came to a stop, the front end was about 300 feet east of the crossing. The bus was carried along in front of the train and came to rest with the rear end on the tracks and the front end in the ditch on the south side. The plaintiff was carried along for a considerable distance and finally thrown out into the south ditch. She was found lying there opposite the middle of the gas motor car.

The plaintiff testified that she was pushed along in the bus about 300 feet but did not feel any pain or injury until during the last 25 feet when she felt a severe jolt and pain.

As a result of the accident, the plaintiff was severely injured and the bus was wrecked. Prior to bringing the action, plaintiff's husband, who was the owner of the bus, assigned his claim for damages to her.

The plaintiff alleges that the accident occurred because of the negligent operation of the train by the defendant's agents and employees. This, the defendant denies and by its answer asserts that the accident was the proximate result of the plaintiff's own negligence. As against the defense of contributory negligence, the plaintiff seeks to invoke the

rule of last clear chance. She argues that if the train had been under proper control and had been stopped immediately after the accident, she would not have been injured since her injury occurred within the last 25 feet of the time during which the bus was being shoved ahead of the train.

Questions of the negligence of either or both of the parties are primarily questions of fact and must be left to the jury unless the evidence is such that only one conclusion can reasonably be deduced therefrom with respect to the negligence to the defendant or the contributory negligence of the plaintiff. State ex rel. Brazerol v. Yellow Cab Co. 62 ND 733, 245 NW 382; Logan v. Schjeldahl, 66 ND 152, 262 NW 463. The matter presents a question of law to be decided by the court if the facts and circumstances are such that only one inference can be fairly and reasonably drawn from the evidence with respect to the negligence of the defendant or the contributory negligence of the plaintiff. Bratvold v. Lalum, 68 ND 534, 282 NW 514; Cameron v. Great Northern R. Co. 8 ND 124, 77 NW 1016; Pyke v. Jamestown, 15 ND 157, 107 NW 359; Krause v. Wilton, 40 ND 11, 168 NW 172; Dougherty v. Davis, 48 ND 883, 187 NW 616; Martin v. Parkins, 55 ND 339, 213 NW 574; Haugo v. Great Northern R. Co. 27 ND 268, 145 NW 1053.

Evidence of negligence on the part of the agents and employees of the defendant is meager, unsatisfactory and of doubtful sufficiency. We need not dwell thereon, for the ultimate question of the plaintiff's right to recover is determined by evidence of her contributory negligence which is clear and conclusive.

It is well established in this state and elsewhere that a plaintiff cannot recover damages for injuries where the plaintiff's own negligence contributed proximately to the injuries for which recovery is sought. In this case, the contributory negligence of the plaintiff is so patent that it bars her recovery as a matter of law. During the last 75 feet of her progress toward the railroad track the plaintiff had an unobstructed view for about 1,500 feet in the direction from whence the train approached. The weather was clear. She was familiar with the crossing. She knew that the railroad track was there and that trains passed from time to time. "The law requires of one going upon or over a railroad crossing the exercise of such care for his own protection as a

reasonably prudent person ordinarily would take in the same or like circumstances, including the use of his faculties of sight and hearing." Flannelly v. Delaware & H. Co. 225 US 597, 56 L ed 1221, 32 S Ct 783, 44 LRA(NS) 154.

It was incumbent upon the plaintiff to use care commensurate with the apparent danger when she approached the crossing. Failure to do so constituted negligence on her part which proximately contributed to the accident.

In State ex rel. North Dakota Workmen's Comp. Bd. v. Great Northern R. Co. 54 ND 400, 209 NW 853, this court said: "Those who use the highways are, of course, familiar with these common sense requirements and hence must and do know that the approach to a railway crossing is fraught with the danger of being met by trains that cannot, in the nature of things, stop within sufficient time to avoid a collision. Hence the law following dictates of common reason and experience requires the driver of a truck or automobile, in approaching a railway crossing, to utilize his senses for the purpose of discovering impending danger. While in this state the specific acts of stopping, looking and listening are not necessarily enjoined in all circumstances (Pendroy v. Great Northern R. Co. 17 ND 433, 117 NW 531), it is nevertheless one's duty to adopt those measures of caution that are reasonably designed, under the circumstances, to apprise him of the danger." See also Sherlock v. Minneapolis, St. P. & S. Ste. M. R. Co. 24 ND 40, 138 NW 976.

The plaintiff testified that as she approached the track, she did not see the train coming from the west, that if she had looked to the west she could have seen the train and that she did not look to the west because at that time she was looking east. When we apply the settled law to the facts in this case it is clear that the plaintiff's own negligence was a proximate cause of her injury and bars her recovery unless the doctrine of last clear chance intervenes to save her from the legal consequence of that negligence.

The last clear chance doctrine has been stated by this court as follows: "Both parties being negligent, the true rule is held to be that the party who last has a clear opportunity of avoiding the accident, notwithstanding the negligence of his opponent, is considered solely responsible for it. It is well settled that a plaintiff may recover damages for

an injury caused by the defendant's negligence, notwithstanding the plaintiff's own negligence exposed him to the risk of injury, if such injury was proximately caused by the defendant's omission (after becoming aware of the plaintiff's danger) to use ordinary care for the purpose of avoiding the injury to him." Acton v. Fargo & M. Street R. Co. 20 ND 434, 129 NW 225. For the purpose of its application to the facts in this case, the above statement of the rule is sufficient. See also Ramage v. Trepanier, 69 ND 19, 283 NW 471. An exhaustive note is found in 92 ALR 47, in which numerous cases are cited illustrating the many extensions and ramifications of the rule but an extended discussion here will not materially facilitate the solution of the problem before us.

The plaintiff argues, assuming that negligence of both the plaintiff and defendant contributed proximately to the collision, nevertheless, she is not barred from recovery under the facts presented in this case. It is asserted that she was carried along in the bus approximately 275 feet without injury and that her injuries were received during the last 25 feet of transit before the train was brought to a stop and that if the train had been stopped promptly, she would not have been injured. Therefore, it is argued, that after the impact the defendant had the last clear chance to avoid injuring the plaintiff by stopping the train within 275 feet and its negligence in failing to do so is the proximate cause of plaintiff's injuries and she may recover therefor despite any negligence on her part that may have contributed proximately to the collision.

As the name of the doctrine implies, it is essential to its application that the party against whom it is invoked have the last clear chance to avoid injuring the person in peril. The jury cannot speculate, surmise or guess as to the facts bringing the rule into play. As the bus was being carried along after the crash it was the duty of the engineman to use reasonable care and to stop his train as quickly as was reasonably possible. It must have been apparent to him that the danger to anyone in the bus was imminent and great and that it was probably physically impossible for any occupant of the bus to escape while it was being carried along in front of the train. But that situation alone is not sufficient to invoke the last clear chance doctrine. In order for it to apply, not only must the defendant have been aware of the plaintiff's

·peril but it must also appear that the engineman could, by the use of the means at hand under the circumstances then existing, having due regard to his own safety and the safety of others, have avoided injuring the plaintiff. ˙Blashfield, Cyclopedia of Automobile Law & Practice, Perm. ed. § 2809. The evidence wholly fails to fulfill this last requirement. There is no evidence indicating that those operating the train did anything that they should not have done or omitted to do anything they should have done. It is argued that under the circumstances, the train should have been brought to a stop in less than 300 feet after the collision. How this might have been accomplished is not disclosed. The assertion is based purely upon speculation. The situation is somewhat like that before the court in Griffin v. St. Louis Transfer R. Co. (Mo) 193 SW 807. In that case it appears that a fireman fell from the steps of an engine and in falling his clothing became entangled in one of the engine wheels. He was dragged a distance of 38 or 40 feet when, by reason of bumping against the ends of ties, he was jerked loose and left lying by the track. He testified that he did not sustain any injury until he had been dragged 38 or 40 feet. He contended that after the engineer saw him in a position of peril, the engineer, by the exercise of ordinary care, could have stopped the engine in time to have avoided the injury and that his failure to use such care and so stop the engine was the proximate cause of plaintiff's injury. At the time of the accident, the engine was traveling at the rate of 6 or 8 miles an hour and was stopped after it had gone a distance of about 150 feet. In rejecting the plaintiff's contention, the court said: "It was just as much plaintiff's duty in carrying the burden of proof, to prove that the engine, under all the circumstances found to exist at the time the position of peril was discovered, could, by the exercise of ordinary care, have been stopped within a distance of 38 feet, as it was to prove that he received the injury. While the jury have the right to draw reasonable inferences in arriving at a verdict, they should not be given an opportunity to find a verdict by the mere process of speculation or conjecture."

To entitle the plaintiff to recover under the last clear chance doctrine according to the theory advanced by her counsel, it must appear that her injury was the proximate result of a failure of the defendant's agents and employees to exercise ordinary care to prevent such injury

after the impact. There is no testimony as to the distance within which the train should or could have been stopped. The brakes were in good working order, they had already been set on emergency prior to the impact. Any assertion of lack of care on the part of the defendant's agents or employees is based wholly upon speculation. Under the facts here presented, neither the doctrine of last clear chance nor any recognized extension or refinement thereof is sufficient to relieve the plaintiff of the legal consequence of her contributory negligence. The judgment must be reversed.

BURR, Ch. J., and CHRISTIANSON, NUESSLE, and BURKE, JJ., concur.