SILAS M. TYSON, APPELLEE, v. MISSOURI PACIFIC RAILROAD CORPORATION IN NEBRASKA, APPELLANT.

FILED MAY 1, 1925.   No. 23142.

Railroads: CROSSINGS: DUTY OF TRAVELER. It is the duty of a traveler on a highway in an automobile, when approaching a railroad crossing with which he is familiar and where his view is obstructed until he gets within a short distance of the railroad track, to look, where, by looking, he could see, and listen, where, by listening, he could hear, and to keep his car under control and drive at a speed which will enable him to stop in time to avoid a collision after discovering a train; and where, under circumstances such as are testified to by the plaintiff in this case, he has neglected these precautions and a collision occurs, he is guilty of more than slight negligence as compared with the negligence of the defendant, and he cannot recover.

APPEAL from the district court for Otoe county: JAMES T. BEGLEY, JUDGE. *Reversed and dismissed.*

*J. A. C. Kennedy* and *Yale C. Holland,* for appellant.

*D. W. Livingston, contra.*

Heard before MORRISSEY, C. J., ROSE, GOOD, and EVANS, JJ., REDICK and SHEPHERD, District Judges.

EVANS, J.

In this action the plaintiff and appellee sues the defendant and appellant to recover damages, alleged to have been suffered by the plaintiff and caused by the defendant, resulting from a collision between the defendant's train and plaintiff's automobile, the latter, at the time, being driven by the plaintiff. The plaintiff alleges the negligence of the defendant in running the train at a high rate of speed, failure to ring the bell or blow the whistle when approaching the crossing, and the failure of the defendant to maintain a signal at the crossing where the accident occurred, or to have a watchman stationed there to warn travelers of the approach of trains. The defendant alleges that the accident was due to the contributory negligence of the plaintiff. At the close of plaintiff's evidence the defendant moved to instruct the jury to return a verdict for the defendant, which motion was overruled by the court, and the defendant excepted. The trial concluded with a judgment for the plaintiff, from which the defendant appeals.

A number of errors are assigned, only one of which—the overruling of defendant's motion for an instructed verdict made at the close of plaintiff's evidence—is necessary to be considered in the determination of the case.

The plaintiff testified, in substance, that he approached the crossing from the south through a cut which obstructed the view of approaching trains until he was at the point where the right of way fence is located and within 50 feet of the center of the defendant's railroad track, from which point to the crossing of the rails there is a clear view of the railroad track for 900 feet in the direction from which the train approached the crossing; that he was riding in a Ford car with a winter top; that he was traveling from 8 to 10 miles an hour, and, traveling at such rate, he could stop his car in from 12 to 15 feet; that when he was 300 feet from the crossing he heard a noise and looked to see if it was occasioned by the falling or sliding of guns he carried in his car, and then, thinking of the train at or about the time he reached the right of way fence, he looked to

the west and saw no train; that he then looked to the east, and so continued until he was approximately 15 feet from the track or rails, when he again turned and looked to the west and saw the train about 40 or 50 feet west of the crossing approaching at a very high rate of speed; that he did not hear the whistle blow or the bell ring; that he was familiar with the crossing and knew it was about train time; that he has since made experiments at this crossing with a car similar in construction to the one he drove at the time of the accident, and that, traveling at the rate he was at the time of the accident and applying the usual methods to stop the car at a point where he says he was when he saw the train, he was not able to bring the car to a standstill until it was on the track.

It is apparent that the plaintiff did not look westerly along the track at any time within the time the train was within sight from the highway near the crossing until he looked and saw it when it was 40 or 50 feet from the crossing and when he was at a point about 15 feet from the track; that he disregarded a danger plainly apparent and negligently drove his car in front of the train.

Accepting his testimony as true, if the train were approaching at a rate of 80 miles an hour, or 10 times as rapidly as his car was running, it must have been not more than 500 feet west of the crossing when he came upon the right of way 40 feet from danger, and was in clear view from where he was until he was struck.

In *Askey v. Chicago, B. & Q. R. Co.*, 101 Neb. 266, it is held:

"It is the duty of a traveler on a highway, when approaching a railroad crossing, to look and listen for the approach of trains. He must look, where, by looking, he could see, and listen, where, by listening, he could hear; and if he fails without reasonable excuse to exercise such precautions he is guilty of negligence.

"It is the duty of one approaching in an automobile a railroad crossing with which he is familiar, where his view is obstructed until he gets within a short distance of the

railroad track, to keep his car under control and drive at a speed which will enable him to stop in time to avoid a collision after discovering a train.   A speed which prevents such control under the circumstances is negligence as a matter of law.

"Failure of the railroad company to ring the bell or blow the whistle as the train approached the crossing, even though it may have been negligent, would not make the railroad company liable for the death of the automobile driver in a collision at the crossing, if he recklessly failed and neglected to have his car under control and by looking and listening at the proper time and place could have seen the approaching train in time to stop before reaching the track, but recklessly failed and neglected to do so, whereby there was a collision."

And where, as in this case, it is shown beyond reasonable dispute by plaintiff's own testimony that the plaintiff's negligence is more than slight as compared with that of the defendant, it is the duty of the court to enter a judgment of dismissal.  *Haffke v. Missouri P. R. Corporation*, 110 Neb. 125; *Stanley v. Chicago, R. I. & P. R. Co.*, ante, p. 280; *Seiffert v. Hines*, 108 Neb. 62; *Bauer & Johnson Co. v. National Roofing Co.*, 107 Neb. 831; *Frye v. Omaha & C. B. Street R. Co.*, 106 Neb. 333; *Oliver v. Union P. R. Co.*, 105 Neb. 243; *Morrison v. Scotts Bluff County*, 104 Neb. 254.

Under the plaintiff's own evidence, he is not entitled to recover, and the trial court should have sustained the defendant's motion made at the close of the plaintiff's evidence. The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.