SADIE S. LEWIS, ADMINISTRATRIX, APPELLEE, v. UNION PACIFIC RAILROAD COMPANY, APPELLANT.

FILED JULY 2, 1929. No. 26652.

C. A. Magaw, Thomas W. Bockes and T. F. Hamer, for appellant.

Halligan, Beatty & Halligan and W. E. Shuman, contra.

Heard before GOSS, C. J., DEAN, EBERLY and DAY, JJ., and REDICK and SHEPHERD, District Judges.

DAY, J.

This case was brought to recover damages for the death of John S. Lewis, whose automobile was struck on February 13, 1925, by a fast mail train of the Union Pacific Railroad Company at a place in Cozad, Nebraska, where the main street, which is also the Lincoln Highway through the town, crosses the defendant's tracks. Sadie S. Lewis, as administratrix, on behalf of herself as widow and for a minor child brings this action against the railroad company and one Getty, who was the engineer in charge of the train. The jury returned a verdict in favor of plaintiff against the defendant railroad company and was silent as to the defendant Getty.

This form of verdict is a question to be considered by

us. It was argued to the trial court and also to this court that such a verdict was in effect a verdict in favor of defendant Getty. The motion of Getty for a judgment of dismissal was overruled by the trial court by an order which stated that, "as to him, the cause is retained for trial." The exact question presented is whether a verdict in favor of a plaintiff and against only one of two defendants is, by necessary implication, a verdict in favor of the defendant not named therein. Both the appellant and appellee cite *Cox v. Ellsworth*, 97 Neb. 392. There the court held that it was presumed that, where the jury found in favor of a plaintiff and against only one of two or more defendants, said jury found for the defendants not named in the verdict. As suggested in that case, the trial court should not have received such a verdict without correction. The above case seems to be the only expression of our court upon this question, but it is in accord with the weight of authority, as evidenced by the following cases: *Begin v. Liederbach Bus Co.*, 167 Minn. 84; *James v. Evans*, 149 Fed. 136; *San Antonio & A. P. R. Co. v. McCammon*, 181 S. W. (Tex. Civ. App.) 541; *Lawson v. Robinson*, 68 Kan. 737; and many others. The logic of the argument of these cases is compelling, and leads us to the conclusion that, when the jury found that one defendant should pay the verdict, by implication, they necessarily released the other defendant. When the trial court refused to enter judgment on the verdict in favor of the defendant Getty, but retained the case for trial as to him, the effect was to grant a new trial. This verdict was received without objection by any of the parties, and the question is not properly presented to this court at this time to review the action of the trial court, in connection with the verdict as to Getty.

We now come to consider the effect of the verdict in favor of Getty on the case as against the defendant Union Pacific Railroad Company. Getty was the engineer in charge of the train involved in the collision. If the plaintiff relies for recovery in this case upon the rule of *re-*

*spondeat superior,* and the only negligence of the company charged and proved was the negligence of its engineer, Getty, then such a verdict as we have is inconsistent and must be set aside. "A verdict in favor of one defendant and against another, based upon conflicting evidence, which is the same as to both defendants, cannot be permitted to stand as to either." *Gerner v. Yates,* 61 Neb. 100, followed and approved in *Mansfield v. Farmers State Bank,* 112 Neb. 583. However, if there is other and different evidence against one of the defendants and there is actionable negligence against the defendant sufficient to sustain a verdict, it will not be disturbed. *Garrison v. Everett,* 112 Neb. 230. In this case, the petition alleges negligence on the part of the railroad company, other than the negligence of its engineer. Evidence was introduced on behalf of plaintiff tending to prove such negligence. The appellant urges that there can be no liability on the part of the master in a case where the servant himself is not liable. It cites numerous cases to support that contention. The cases cited only hold that this is true, when the negligence of the employee is the only negligence charged against the defendant. The appellant cites *Zitnik v. Union P. R. Co.,* 91 Neb. 679, to support this contention. As pointed out by this court in *Hook v. Payne,* 109 Neb. 254, there was no issue of contributory negligence in that case, and the application of the rule of comparative negligence was not involved. Paraphrasing the language of the opinion, the jury may have properly found that there was negligence on the part of the engineer, Getty, but not enough to amount to gross negligence in comparison with that of the plaintiff, and hence not enough to hold him liable. And then, imputing the negligence of the said engineer to the company under the doctrine of *respondeat superior* and finding, as they could, that the company was negligent in other respects which, added to the negligence of the company, was gross as compared to the slight negligence of the plaintiff, they might properly find against it. In other words, a jury may prop-

erly return a verdict in favor of a servant and against the master in a negligence case, where contributory negligence of plaintiff is pleaded and proved, if the plaintiff alleges and the evidence supports a finding of other negligence chargeable to the master than that of the servant exonerated by said verdict. Applying the rule in this case, the verdict is not to be set aside merely because of technical construction; the jury returned a verdict in favor of the engineer and against the company.

This brings us naturally to the main question in this case for our determination. Is the evidence in this case sufficient to sustain the verdict against the appellant? Its challenge is that the evidence shows the act of the plaintiff's decedent in driving on the track to be of such a character that it must be determined to be "more than slight negligence," as a matter of law. He was a resident of Gothenburg, which is twelve miles distant. He was a frequent visitor to Cozad and had traveled frequently the road crossing the tracks where the accident occurred. He was familiar with the street and the crossing; with the depot and the various buildings which might obstruct his view of the tracks to his right and left. There is a conflict in the evidence as to the view of the track and its disclosure of trains some distance from the track. There is no dispute that the track was 23½ feet from the depot, and that the view of the track to the east, whence the train in question was approaching, was not obscured to deceased after he passed the depot. The rule is well established in this state that it was the duty of the decedent in going upon the track, a place of danger, with which he was familiar, to look and listen for the approach of trains. It was his duty to look, where, by looking, he could see, and listen, where, by listening, he could hear, and if he fails without reasonable excuse to exercise such precautions, he is guilty of negligence. *Askey v. Chicago, B. & Q. R. Co.*, 101 Neb. 266.

The deceased in this case attempted to stop the car and stopped it fully upon the track. This would lead us to con-

clude that he saw the approaching train when he passed the depot, but was unable to stop before reaching the track. It is undisputed that his automobile was stopped when it was struck. The appellee contends that deceased saw the train when he passed the depot and stopped his automobile almost instantly. In *Allen v. Omaha & S. I. R. Co.*, 115 Neb. 221, reviewing our decisions, this court said:

"We have repeatedly held that it is the duty of a traveler on a highway approaching a railroad crossing to look and listen for approaching trains; that he must look, where, by looking, he could see, and listen, where, by listening, he could hear; that it is the duty of one approaching in an automobile a railroad crossing with which he is familiar, where his view is obstructed until he gets within a short distance of the track, to keep his car under control and to drive at a speed which will enable him to stop in time to avoid a collision after discovering a train; and that a speed which prevents such control under the circumstances is negligence as a matter of law. *Rickert v. Union P. R. Co.*, 100 Neb. 304; *Askey v. Chicago, B. & Q. R. Co.*, 101 Neb. 266; *Seiffert v. Hines*, 108 Neb. 62; *Stanley v. Chicago, R. I. & P. R. Co.*, 113 Neb. 280; *Haffke v. Missouri P. R. Corporation*, 110 Neb. 125; *Tyson v. Missouri P. R. Corporation*, 113 Neb. 504."

Under the facts disclosed by the record, the negligence of the plaintiff's decedent was in driving upon the track of the appellant and failing to have his automobile under control so that, where he was in a place to see the approaching train, he could stop it in a place of safety. In *Moreland v. Chicago & N. W. R. Co.*, 117 Neb. 456, we said: "Where it is undisputed that a traveler on a highway failed to exercise reasonable precaution, by not looking at a reasonable point where he could have seen an approaching train, his negligence will defeat a recovery for a collision with a train at a crossing, even though no signal by the locomotive bell or whistle was given." Where buildings obstruct the view of a railroad track, as is claimed by plaintiff in this case, and the deceased is familiar with the

location, it is more than slight negligence for one to drive an automobile on said track without looking and listening for an approaching train. It is the duty of the driver of the automobile to have his car under such control that, when he comes to a place where it is possible to see and to hear an approaching train, he can stop it to avoid a collision. Failure to do so is negligence more than slight in comparison with that of defendant, and will defeat a recovery, even though the whistle was not blown and the bell not rung, or the speed may have been excessive.

It was therefore the duty of the court at the close of the testimony to have sustained the motion of the appellant to dismiss. There are other assignments of error; but, since we have concluded that the plaintiff is not entitled to recover on the evidence as a matter of law, the judgment of the district court is reversed and the cause dismissed.

REVERSED AND DISMISSED.

Note—See Negligence, 28 A. L. R. 957 *et seq.;* 21 L. R. A. n. s. 794; 29 L. R. A. n. s. 924; 46 L. R. A. n. s. 702; 2 R. C. L. 1184, 1205, 1206; Perm. Supp. 645, 680.