EMPLOYERS MUTUAL CASUALTY COMPANY, A CORPORATION, APPELLEE, v. W. E. (CHILI) BRAZDA, APPELLANT.

42 N. W. 2d 195

Filed April 6, 1950. No. 32750.

*Mapes & Johnson,* for appellant.

*Joseph H. McGroarty* and *Charles H. Yost,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

Employers Mutual Casualty Company, a corporation, brought this action in the district court for Dodge County against W. E. (Chili) Brazda. The purpose of the action was to require an accounting by the defendant of all moneys owing by him to the plaintiff as its agent. Defendant denied owing plaintiff any money because of a settlement. The trial court found there was owing to plaintiff the sum of $1,584.72 and entered judgment for that amount against the defendant. His motion for new trial having been overruled, defendant appealed.

The evidence shows that the appellant was engaged in the insurance business at Fremont, Nebraska; that he was an agent of the appellee; that as such agent, during the months of March, April, May, June, and July of 1948, he collected substantial sums of money belonging to the appellee; and that he failed to remit a large part thereof.

The principal difficulty arises out of the following instrument:

### "SALE and ASSIGNMENT

In consideration of the payment of One Dollar ($1.00) and other considerations the receipt of which is hereby acknowledged, the undersigned being indebted to the EMPLOYERS MUTUAL CASUALTY COMPANY of DES MOINES, IOWA, does as of August 1, 1948 hereby sell and assign all right, title, ownership and interest whatsoever to the EMPLOYERS MUTUAL CASUALTY COMPANY of DES MOINES, IOWA all insurance policies and renewals thereof of the said EMPLOYERS MUTUAL CASUALTY COMPANY of DES MOINES, IOWA which are now in force or to be issued.

This assignment is given by free consent of the undersigned and without coercion of any kind or character whatsoever.

Dated at Fremont, Nebraska this 26 day of August, 1948.

/S/ W. E. Chili Brazda
W. E. (Chili) Brazda

Witness:
/S/ W. R. Somerville

The undersigned hereby agrees with W. E. (Chili) Brazda that any proceeds derived by the sale or disposal of the ownership of renewals of their policies shall, less any expense incurred, be credited against the indebtedness of the said W. E. (Chili) Brazda to the undersigned.

Dated this 26th day of August, 1948.

EMPLOYERS MUTUAL CASUALTY COMPANY
By /S/ Robt S Somerville
Nebraska Branch Manager

Witness:
/S/ W. R. Somerville."

Appellant contends that only the upper part of the instrument, that is, the part above his signature, was there when he signed it and the agreement was in fact a sale and assignment by him to the appellee of all right, title, ownership, and interest which he had in all the insurance policies, and renewals thereof, of his agency in satisfaction or settlement of all amounts which he was then owing appellee as its agent.

Appellee contends that the instrument had been fully drafted and signed by Robt. S. Somerville before it was presented to and signed by appellant; that the instrument constitutes one agreement; and that by the agreement the assets of the agency were transferred to it for the purpose of liquidation and the net proceeds to be applied on the amount owing it by appellant.

While there is dispute in the evidence as to whether or not the instrument, as hereinbefore fully set forth, had been fully drafted and signed by Robt. S. Somerville before it was signed by appellant, we find the evidence satisfactorily establishes that it had.

In Farmers Union Cooperative Elevator Federation v. Carter, *ante* p. 266, 40 N. W. 2d 870, we said: "The general rule is that, in the absence of anything to indicate a contrary intention, instruments executed at the same time by the same parties for the same purposes and in course of the same transaction are, in the eye of the law, one instrument and will be read and construed together as if they were as much one in form as they are in substance."

We find the appellee's contention to be correct both as a matter of fact and of law.

The evidence establishes that the assets assigned to appellee, so far as they are of any value, have been completely liquidated; that the proceeds received therefrom have been applied to the amount owing appellee, without expense to the appellant; and that the amount for which judgment was rendered is the unsatisfied balance.

As to appellant's contention that he should have been permitted to show, by parol evidence, what the consideration of the agreement actually was, we find nowhere in the record any attempt or offer to do so.

We said in Dean v. State, 128 Neb. 466, 259 N. W. 175, that: " 'In a criminal trial, as well as civil, when to a question in direct examination an objection is interposed by the adverse party and sustained, in order to present the ruling to this court for review, there must be an offer of proof of the facts sought to be put in evidence by the question to which the answer was excluded.' Savary v. State, 62 Neb. 166."

Appellant complains of the reasons given by the trial court for coming to the conclusion that it did. Whether or not the reasons given by the trial court for reaching

the conclusion that it did are correct we do not find it necessary to decide, as its conclusion is correct. As stated in Bragonier v. Stevenson, 104 Neb. 578, 178 N. W. 186: "A wrong reason for a correct conclusion of the trial court is generally immaterial on appeal."

In view of the foregoing, we affirm the judgment entered by the trial court.

AFFIRMED.