BILLY B. LAUN, APPELLEE, v. DAVID B. ROACH, APPELLANT.
213 N. W. 2d 450

Filed December 14, 1973. No. 39079.

Nelson, Harding, Marchetti, Leonard & Tate and Alan L. Plessman, for appellant.

A. James McArthur, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, and CLINTON, JJ., and COLWELL, District Judge.

WHITE, C. J.

This is a personal injury action arising out of a rear-end collision between Billy Laun, the plaintiff, and David Roach, the defendant. On September 13, 1970, Billy Laun was stopped for a traffic light at the intersection of Thirteenth and K Streets, when the defendant drove his vehicle into the rear of Laun's automobile. There was evidence from which a jury could infer that the plaintiff sustained injuries causing lower back pain. The District Court sustained the plaintiff's motion for summary judgment on the issue of liability, and therefore only the issue of damages was submitted to the jury. The jury returned a verdict in the amount of $18,750. The defendant appeals. We affirm the judgment of the District Court.

The jury was instructed to consider six elements of damage in attempting to determine an amount which would fairly and reasonably compensate the plaintiff including (1) the value of work time lost to date due to his inability or his diminished ability to work (lost earnings) and (2) the value of the loss or diminution of the power to earn in the future (lost earning capacity). The defendant's first assignment of error complains that the evidence did not warrant submission of these two items of damage to the jury.

The record clearly shows that there was sufficient evidence of lost earnings for submission of the issue to the jury. In Caster v. Moeller, 176 Neb. 30, 125 N. W. 2d 89 (1963), the evidence disclosed the plaintiff's hourly

base pay and average weekly income in addition to an estimate of the time lost from work. This evidence was sufficient to raise a jury question of the plaintiff's loss of earnings up to the time of trial. Here we similarly have testimony that the plaintiff was a senior dental student at the time of the accident. By the time of trial the plaintiff had been a practicing dentist for 1 ½ years. He estimated that he lost an average of 20 to 30 minutes of working time per day from the time he began practicing due to lower back pains. His hourly billing rate was $25 per hour. Where it has been proved that damages have resulted and the only uncertainty is the exact amount, it is sufficient if the record shows data from which the damage can be ascertained with reasonable certainty. Caster v. Moeller, *supra*. There is no merit to this contention.

The trial court also properly submitted the issue of loss of earning capacity to the jury. Recovery for loss or diminution of the power to earn in the future is based upon such factors as the plaintiff's age, life expectancy, health, habits, occupation, talents, skill, experience, training, and industry. Baylor v. Tyrrell, 177 Neb. 812, 131 N. W. 2d 393 (1964). There is ample evidence in the record concerning these factors which support submission of loss of earning capacity to the jury.

Without detailing all the medical testimony, a short summary is set forth. The plaintiff expressed difficulty in bending over the dentist chair while working on patients. Dr. Paul Goetowski, an orthopedic specialist, testified that the plaintiff had curvature of the spine and a slipped disk prior to the accident. The plaintiff stated he had never had back pains prior to the accident and Dr. Goetowski stated that the plaintiff could very likely have experienced no pain prior to the accident even with these preexisting conditions. The doctor also testified that the accident would have aggravated the back condition to the point of becoming symptomatic. Dr. Goetowski then gave his expert medical

opinion with reasonable medical certainty that the plaintiff was 10 to 15 percent permanently partially disabled. It is within the province of the jury to weigh all these elements and, guided by experience and common sense, to arrive at the proper monetary amount for loss of earning capacity. Baylor v. Tyrrell, *supra*. The trial court was correct in submitting the issue of loss of earning capacity to the jury.

The defendant claims on appeal that the opinion testimony of Dr. Goetowski was based upon facts not in evidence. The history taken by the doctor showed that the plaintiff had indicated to him the defendant's car was traveling approximately 40 miles per hour prior to the impact. On cross-examination, Dr. Goetowski testified that his opinions were based on the assumption the plaintiff was hit by a car traveling at approximately 40 miles per hour. The record clearly shows the absence of any objection to the opinion testimony of Dr. Goetowski and also shows the absence of any motion to strike the testimony on cross-examination. Failure to make a motion to strike or timely objection in the trial court waives the right to complain of the admission of such evidence on appeal. Ripp v. Riesland, 180 Neb. 205, 141 N. W. 2d 840 (1966); Law v. Gilmore, 171 Neb. 112, 105 N. W. 2d 595 (1960); Vielehr v. Malone, 158 Neb. 436, 63 N. W. 2d 497 (1954). We therefore need not consider the substantive issue of whether the opinion testimony would have been admissible if there had not been a waiver of the right to object to such evidence.

Lastly, the defendant assigns as error the sustaining of an objection to a question directed to the color of the traffic light as he came up to the intersection. The issue of liability was undisputed. The question is, therefore, irrelevant. The defendant was permitted to introduce testimony as to speed as it related to the force of impact and damages. It is not pointed out by an offer of proof or otherwise how such evidence could be relevant, and we point out that this was a rear-end col-

lision and that the defendant himself and his witness testified as to speed and the force of the impact. There was clearly no prejudice in the sustaining of such an objection. Here the question as to the color of the traffic light was propounded by the defendant's own counsel and no offer of proof was made. This precludes review. Bland v. Fox, 172 Neb. 662, 111 N. W. 2d 537 (1961); Huckfeldt v. Union Pacific R. R. Co., 154 Neb. 873, 50 N. W. 2d 110 (1951). There is no merit to this contention.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.